LEE DAVIS, Respondent, v. S. C. ROBERTS, Appellant.

Kansas City Court of Appeals, November 29, 1920.

1. **EXECUTORS: Removal: Substantial Controversy Between Executor and Estate Sufficient to Remove on Ground Unsuitable to Act.** Under section 50, Revised Statutes 1909, in a proceeding to remove an executor on the ground that he is unsuitable to act as such, because of his claim to the ownership of a certain note belonging to an estate, it was not necessary to show that the estate was the owner of the property, but only to show that there was a real and substantial controversy as to the ownership of the note and that there was reasonable and probable cause to believe that the note belonged to the estate.

2. ———: ———: **Conflicting Interests: Unsuitable to Execute Trust.** Under section 50, Revised Statutes 1909, an executor of an estate who stands in the position of a trustee and assumes a position where his interests conflict with that of the estate, it is the positive duty of the court to remove him on the ground that he has become incapable or unsuitable to execute the trust reposed in him.

3. ———: ———: **Right to Determine Title to Note in Statutory Proceedings Does Not Prevent Removal of Executor.** The fact that a remedy was afforded plaintiff under section 70, Revised Statutes 1909, does not prevent plaintiff from seeking removal of executor as one unsuitable to execute trust because of interests conflicting with that of estate, as provided by section 50.

Davis v. Roberts.

4. ———: ———: **Proceeding in Rem: Removal Solely Upon Grounds Mentioned in Statute for Causes Arising After Appointment.** Under section 50, Revised Statutes 1909, the proceeding is one *in rem*, and removal can be only upon grounds mentioned in said section and for causes arising after appointment.

5. **COURTS: Probate Courts Have no Equity Jurisdiction: Jurisdiction of Circuit Court on Appeal is Derivative.** Probate courts have no equitable jurisdiction and the jurisdiction of the circuit court on appeal from the probate court is derivative.

6. ———: **Jurisdiction: Probate Court May Invoke Equity Principles.** Under section 4056, Revised Statutes 1909, the probate court has jurisdiction "over all matters pertaining to probate business," and in all such matters said court has jurisdiction where the issue can be settled at law, involves a simple matter, and the court may invoke equity principles in disposing of such business.

7. **EXECUTORS: Removal: Antagonistic Position: Probate Court in Removing Executor Does Not Exercise Equity Jurisdiction by Invoking Equitable Principles.** The probate court in removing an executor, who has become "incapable or unsuitable" to execute the the trust reposed in him, does not exercise equity jurisdiction, but is only invoking the equitable principle that equity and good conscience will not permit one to occupy an antagonistic position in transactions of this kind.

8. ———: ———: **Incapable or Unsuitable to Execute Trust: Principle of Ejusdem Generis Has no Application.** In construing section 50, Revised Statutes 1909, providing that an executor may be removed if he is "in any wise incapable or unsuitable to execute trust reposed in him," the principle of *ejusdem generis* has no application for said phrase being complete within itself, the words in the statute preceding the words quoted exhaust their class and the general words following must be construed as embracing something outside of that class.

Appeal from Bates County Circuit Court.—*Hon. C. A. Calvird*, Judge.

AFFIRMED.

*H. M. Poage* and *Lee B. Ewing* for respondent.

*M. T. January* and *J. M. Hull* for appellant.

BLAND, J.—This proceeding, begun in the probate court of Vernon county, is to remove the defendant as the executor of the estate of M. B. Davis, deceased, under the provisions of section 50, Revised Statutes, 1909. The trial court entered judgment removing the executor and he has appealed.

Section 50, Revised Statutes, 1909, provides that an executor may be removed for any of the following reasons:

"If an executor or administrator become of unsound mind, or be convicted of any felony or other infamous crime, or has absented himself from the State for the space of four months, or become an habitual drunkard, or in any wise incapable or unsuitable to execute the trust reposed in him, or fail to discharge his official duties, or waste or mismanage the estate, or act so as to endanger any co-executor or co-administrator, or fails to answer any citation and attachment to make settlement. . . . ."

M. B. Davis died testate on November 28, 1918, leaving as his only heirs at law, Susan Davis, his widow, Anna Roberts, Lee Davis and Ava Glover. By his will he devised all of his property to his widow and the remainder after her death to the other named persons. He appointed the defendant his executor to serve without bond. The complaint was filed in the probate court by Lee Davis one of the devisees under the will and charged that defendant was unsuitable to execute the trust reposed in him and that he had failed to discharge his official duties by failing to inventory a note of $10,000 belonging to the estate.

The inventory listed nothing further than a lot in the city of Nevada and $1091.92 in personal property. It appears that in his lifetime M. B. Davis was the owner of a certain note executed by Fred Spencer and Alice Spencer in the sum of $10,000 and secured by a deed of trust on 240 acres of land. On the back of the note was the following endorsement, "For value received I hereby assign the within note and interest coupons to S. C.

Roberts, M. B. Davis." It was shown that all of the endorsement except the name of Davis was in the handwriting of defendant. It was shown that Davis was mentally incapable of attending to his business for more than a year before he died; that during that time the defendant looked after his affairs. There was evidence tending to show that the note was endorsed while Davis was under the disability aforesaid. The evidence was uncontradicted on these points.

The trial court found that "there is a real and substantial controversy as to the ownership of said note between said executor and said estate, and there is reasonable and probable cause to believe that said note belongs to said estate" and for these resons the interests of the executor and of the estate were antagonistic and in direct conflict, and that the executor was an unsuitable person to longer administer the estate.

Section 70, Revised Statutes, 1909, provides that the probate court may cite any person who has concealed, embezzled or who otherwise wrongfully withholds any goods, chattels, money, books, papers or evidences of debt of the deceased, and sections 71, 72, and 73 provide for a method of trying the controversy, and that judgment may be entered.

We understand from defendant's brief that he contends about as follows: That the probate court has no jurisdiction to try title to personal property under section 50, Revised Statutes, 1909, but only under section 70, Revised Statutes, 1909; that the jurisdiction of the circuit court is derivative and that this proceeding is one *in rem* and that the probate court possesses no chancery powers; that the words "in any wise incapable or unsuitable" contained in the statute, under the principle of *ejusdem generis,* should be construed as covering only causes of like character to the others enumerated, and the evidence in this case does not show any unsuitableness within the meaning of the statute so construed. It is also contended that the court in not finding as a matter of fact that th enote did belong to the

estate but only that there was reasonable and probable cause to believe that it did, was exercising a discretion; that the title of the executor to the note was challenged on the ground of fraud and undue influence, and that the trial of such issues involved equitable principles; that the provisions of section 50 applies only to misconduct after the appointment of the executor; that the finding of the court shows that the defendant has not been removed for any cause mentioned in section 50, and the court has gone outside of the statute and found as a matter of equity and good conscience that he should be removed.

In a proceeding of this kind it was not necessary to show that the estate was the owner of the property but only to show, as the court found, that there was a real and substantial controversy as to the ownership of the note and that there was reasonable and probable cause to believe that the note belonged to the estate. A finding of this kind shows that the position of the executor and the estate is entirely antagonistic and that he ought not to be permitted to serve longer. It is contrary to the policy of the law to permit an executor who stands in a position somewhat like that of a trustee, to assume a position where his interests conflicts with that of the estate, for it is contrary to general experience that one is able to fairly represent his own interest and at the same time represent those of another which are in conflict with his own. When a situation appears such as we have in this case it is the positive duty of the court to remove the executor under the provisions of section 50, Revised Statutes, 1909, on the ground that he has become "incapable or unsuitable to execute the trust reposed in him." As we have already stated, it is not necessary to show, as was undoubtedly done in this case, that the property in controversy belongs to the estate. [In re Estate of Padgett, 114 Mo. App. 307; State v. Bidlingmaier, 26 Mo. 483; Clark v. Crosswhite, 2h Mo. App. 34; 1 Woerner Amer. Law of Administration (2 Ed.), secs. 269, 271; Marks v. Coats, 37 Ore. 609; In re

Estate of Warren H. Mills, 22 Ore. 210; Kellberg's Appeal, 86 Pa. St. 129; In the Matter of Wallace, 74 N. Y. Suppl. 33; Putney v. Fletcher, 148 Mass. 247; Corey v. Corey, 139 N. W. 509 (Minn.); In re McCluskey, 100 Atl. 977 (Me.); In re Kirchner, 153 N. Y. Suppl. 1091.] The facts that a remedy was afforded plaintiff in section 70 et seq. does not prevent plaintiff from seeking the remedy provided by section 50. [Corey v. Corey, supra, l. c. 511.]

It is true that the proceeding under section 50 is one *in rem* and removal can be only upon grounds mentioned in that section and for causes arising after the appointment. It is also true that probate courts have no equitable jurisdiction and that the jurisdiction of the circuit court on appeal from the probate court is derivative. However, section 4069, Revised Statutes, 1909, confers jurisdiction upon the probate court "over all matters pertaining to probate business" and therefore it is held that the probate court has jurisdiction in matters pertaining to probate business where the issue can be settled at law and involves a simple matter and that such a court may invoke equity principles in disposing of such business. [Lietman v. Lietman, 149 Mo. 112, 117; Gentry v. Gentry, 122 Mo. 202, 222; Green v. Tittman, 124 Mo. 272, 279; State ex rel, v. Bird, 253 Mo. 569; Green v. Strother, 201 Mo. App. 418.]

Admitting for the sake of the argument that the executor in this case has been convicted of becoming "incapable or unsuitable to execute the trust reposed in him" by reason of the invocation of the equitable principle that equity and good conscience will not permit one to occupy antagonistic positions in transactions of this kind, the application of such a principle is not giving equity jurisdiction to the probate court but it is only invoking an equity principle. The same may be said of the other points made as to this case being tried as an equity case.

The case of State ex rel. v. Bird, supra, does not aid the defendant in any way. That case holds that sec-

tion 50, Revised Statutes, 1909, does not give the probate court jurisdiction to revoke the appointment of a guardian whose religious beliefs are different from those of the deceased parents of the ward. It holds that the cause for revocation of the letters of guardianship or administration must arise after the appointment of the guardian or executor and that an executor can be removed only for causes mentioned in section 50, Revised Statutes, 1909. It is likewise an authority for the proposition that the probate court has jurisdiction in law cases only but it may invoke equitable principles in cases within its jurisdiction.

In the case at bar it is apparent that defendant became an unsuitable person to serve after his appointment. He became unsuitable when he failed to inventory the note and the right of the estate to the note was asserted in the proper way by an authorized person backed by proper evidence, for at that point his position became untenable.

The principle of *ejusdem generis* has no application in construing the statute under consideration. The phrase contained in the statute, "or in any wise incapable or unsuitable to execute the trust reposed in him," is complete within itself. The particular words preceding the words quoted exhaust their class and the general words following must be construed as embracing something outside of that class. [Nat'l Bank of Commerce v. Ripley, 161 Mo. 126, 132; U. S. V. Mescall, 215 U. S. 26, 31, 32.]

The judgment is affirmed. All concur.