In the Matter of Estate of George E. MAPES, deceased.

William E. CROOKS, Plaintiff-Appellant,

v.

James T. HOLCOMB, Executor, Defendant-Respondent.

No. WD 34695.

Missouri Court of Appeals, Western District.

Nov. 20, 1984.

Charles A. Powell, Jr., Macon, for plaintiff-appellant.

R. Max Humphreys, Trenton, for defendant-respondent.

Before LOWENSTEIN, P.J., and MANFORD and BERREY, JJ.

BERREY, Judge.

Appellant is the nephew and devisee of George E. Mapes, now deceased. He appeals from the denial by the trial court of his petition to remove the executor of Mapes' decedent estate.

On October 25, 1980, George E. Mapes died testate in Grundy County, Missouri. Over the years, Mr. Mapes had held the public offices of County Treasurer, Clerk

and Sheriff. At the time of his death, he held assets totaling approximately one-third million dollars.

Through his will, dated January 10, 1980, Mr. Mapes appointed James T. Holcomb, an attorney who is grandnephew to Mapes and respondent herein, as his executor to serve without bond. Holcomb's brother, John, was designated as alternate executor.

The will was comprised of the original will dated January 10, 1980, and a codicil dated October 23, 1980, two days before Mapes' death, authorizing the executor to "sell any and all of my property, real, personal or mixed as he deems advisable in his sole discretion and without the necessity of obtaining any order of any Court having any jurisdiction over my estate." Both the original will and codicil were drawn on legal paper which bears on the margin the following:

Holcomb and Roberts
Attorneys at Law
807 Main Street
Trenton, Missouri 64683
Telephone AC 816–359–3973

Whereas the signature of the testator on his will is strong and quite legible, the signature on the codicil is entirely illegible and bears the notation "by his mark."

After Mapes' death in October of 1980, executor Holcomb read the deceased's will and codicil to the devisees and heirs in the funeral chapel. He made no mention of the value or extent of the estate property.

On December 3, 1980, Inventory and Appraisement was filed showing the estate to consist of a three-bedroom home, valued at $20,000.00; a two-bedroom home, barn and five acres, valued at $75,000.00; and miscellaneous personal property, valued at $29,833.68. On March 11, 1981, an additional Inventory and Appraisement was filed listing mutual fund holdings of $22,211.19.

In September, 1981, appellant and the other beneficiaries were notified for the first time of the inventoried assets and their approximate shares of the estate from a copy of the Missouri Inheritance Report. Practically one year later, in August, 1982, the estate still remained open because of, according to executor Holcomb, an inability to dispose of real property. Appellant, out of curiosity and at the request of several non-resident beneficiaries, went to the Probate Court of Grundy County to examine the Mapes Estate file. There he found the Federal Estate Tax Return dated September 10, 1981, reporting the following jointly owned properties which were not included in the previous estate inventories:

(1) A certificate of deposit at the Cook and Vencil Bank, Galt, Missouri, in the sum of $20,000 issued October 7, 1980, joint with Robert C. Smith.

(2) A certificate of deposit at the American Bank, Trenton, Missouri, in the sum of $25,000 dated July 31, 1980, joint with James T. Holcomb and John L. Holcomb.

(3) A certificate of deposit with the Trenton National Mercantile Bank, Trenton, Missouri, in the sum of $15,000 dated October 7, 1980, joint with James T. Holcomb and John L. Holcomb.

(4) A certificate of deposit at the Trenton Trust Company, Trenton, Missouri, in the sum of $71,000 dated September 24, 1980, joint with James T. Holcomb and John L. Holcomb.

(5) Checking account at the Trenton Trust Company, Trenton, Missouri, joint with James T. Holcomb and John L. Holcomb.

(6) Savings account at the Trenton Trust Company, Trenton, Missouri, in the sum of $2,455.95 joint with James T. Holcomb.

(7) 600 shares of Goodheart-Wilcox common stock joint with James T. Holcomb and John L. Holcomb, $5,250.

An examination of these properties reveals that the transactions involving the certificates of deposits with the executor took place less than three months before the death of Mapes. Executor Holcomb and his brother John claim ownership to $124,554.94 worth of the non-inventoried property, approximately forty-five percent of the estate.

Appellant also discovered that Holcomb had erred in not taking the Federal Estate Tax payment of $45,522.33 as a deduction against the Missouri Inheritance Tax.

Finally, appellant discovered that the total Federal Estate Tax on all the taxable Mapes' property, inventoried and non-inventoried, was $45,522.33, and that executor Holcomb had made the entire payment from inventoried property with no contribution to the payment made on behalf of the non-inventoried jointly owned property. It was later revealed that Holcomb had borrowed against the estate property for the money to pay the estate taxes when due. Most of Mapes' cash assets were tied up in the non-inventoried properties.

In light of the foregoing discoveries, on September 29, 1982, appellant filed a Petition for Removal of Executor reading:

III. That at the time of and since his said appointment as executor the said James T. Holcomb, because of conflicts of interest between himself and said estate and the beneficiaries of said estate, has become an unsuitable person to execute the trust so reposed in him and to perform the duties as executor of said estate.

Appellant alleges that Holcomb failed to include the aforementioned joint assets which the beneficiaries claim as property of the estate, failed to advise the beneficiaries of such assets, paid the Federal Estate Tax entirely from the inventoried estate, and failed to see to the proper payment of the Missouri Inheritance Tax.

The trial court denied appellant's petition to remove the executor in finding that "the proponents of the petition have failed in their burden to show to the court that it would be to the best interests of the estate that James T. Holcomb, Executor should be removed therefrom."

On October 18, 1982, appellant Mr. Crooks, et al., instituted further proceedings, to wit a petition in three counts: Count I-Petition for Discovery of Assets; Count II–Petition for Declaratory Judgment Respecting Payment of Estate Taxes; Count III–Petition for Order Directing the Amendment of Missouri Inheritance Tax Report. This petition is still pending and is mentioned solely to advise the reader of the machinations regarding this estate.

This appeal ensued to determine the issue of whether the trial court erred in not removing the executor.

■ The substantial conflict of interest between Holcomb and the Mapes estate as to the method of paying estate taxes warrant Holcomb's removal as executor pursuant to § 473.140, RSMo 1978, Missouri case law and public policy.

■ The relevant portion of the will reads, "Fifth: Any and all inheritance and estate taxes due on my estate shall be paid prior to distribution as herein set forth." Holcomb asserts that he paid the taxes according to the wishes of Mapes. At the hearing, he was allowed to testify that Mapes had intended the tax burden to fall entirely on the estate assets. However, Missouri law applies the doctrine of equitable apportionment in determining how taxes are to be paid, *Carpenter v. Carpenter*, 364 Mo. 782, 267 S.W.2d 632 (1954), in absence of clear contrary direction by the testator, *Jones v. Jones*, 376 S.W.2d 210, 212 (Mo. banc 1964). *Carpenter, supra.*

■ The language of the will is ambiguous as to the method of paying estate taxes. It directs the executor to pay the inheritance taxes prior to distribution of the assets as set forth in the will. The language could be construed to authorize either apportionment of the taxes or payment from the estate assets in that it speaks only of their distribution.

Executor Holcomb unilaterally construed the language of the will to his benefit and to the detriment of the other heirs thereby putting himself at odds with the estate.

■ Where there exists a real and substantial controversy which shows the executor to be entirely antagonistic with the estate, it is the positive duty of the court to remove the executor. *Matter of Estate of Stickler*, 551 S.W.2d 944 (Mo.App.1977);

*Matter of Estate of Gould,* 547 S.W.2d 863 (Mo.App.1977); *Davis v. Roberts,* 206 Mo. App. 125, 226 S.W. 662 (1920). Such is the instant case. Although the fact situations in the aforementioned cases are not identical to the instant case, the concerns underlying the opinions can not be ignored. "It is contrary to the policy of the law to permit an executor who stands in a position somewhat like that of a trustee to assume a position where his interest conflicts with that of the estate, for it is contrary to general experience that one is able to fairly represent his own interest and at the same time represent those of another which are in conflict with his own." *Stickler, supra,* at 949, citing *Davis, supra,* 226 S.W. at 664.

The executor's position is entirely antagonistic to the estate in that payment of taxes according to the apportionment doctrine would have placed a tax burden of approximately $17,000 on the jointly held non-inventoried property and payment of taxes according to the executor cost the inventoried estate the said sum. In order to have been faithful to the fiduciary position imposed on him, as executor, Holcomb should have sought construction of the will rather than unilaterally construing its meaning.

This court in exercising its broad powers and pursuant to the holding in *Stickler, supra,* determines that the executor is unsuitable to remain in his position due to this manifest conflict of interest.

Appellant's other allegations need not be addressed at this time in that the conflict regarding estate taxes is sufficient for determination of the issue on appeal.

The cause is reversed and remanded to the trial court to enter its order removing Mr. Holcomb as executor of the estate of George E. Mapes.

Judgment reversed.

All concur.