In re the **ESTATE OF Benjamin PILLA,** Deceased, Pasqualina Polizzi Sexton, Petitioner/Appellant.

Theresa **BECK, Personal Representative** of the estate of Benjamin Pilla, Deceased, Appellant,

v.

Michael **PILLA, et al., Respondents.**

No. 51469.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 30, 1987.

Motion for Rehearing and/or Transfer Denied July 30, 1987.

Application to Transfer Denied Sept. 15, 1987.

Leonard R. Yocum, St. Louis, for Pasqualina Sexton.

William H. Wyne, St. Louis, for Theresa Beck.

Mark Belz, Clayton, for respondents.

KAROHL, Judge.

The estate of Benjamin Pilla has been in probate since Letters of Administration were issued to his brother Nicholas Pilla on August 7, 1979. Benjamin died intestate on June 12, 1979, survived by his mother and nine brothers and sisters. Pasqualina Polizzi Sexton, in her capacity as a sister and person interested in the property which is claimed to be an asset of the estate, filed a verified petition in the Probate Division of the Circuit Court to discover assets on the basis of Section 473.340 RSMo 1978. She asserted that four brothers and Community Federal Savings and Loan Association held or issued joint certificates of deposit with Benjamin at the time of his death. Nicholas was a defendant in his individual capacity only until his death. By leave of the trial court Theresa Beck, as administrator de bonis, was substituted as a party plaintiff in the discovery proceedings on the second day of trial. The two of seven original counts which survived motions to dismiss were decided by a jury in favor of defendants. Plaintiffs appeal the adverse judgment entered on the verdicts.

■ We cannot reach the merits of plaintiffs' claims of error because we find the trial court improperly sustained defendants' motion and excluded the estate of Benjamin Pilla from participating in the trial. The estate is, by statute, an indispensable party to the statutory proceeding to discover assets. The statute requires the court to order the joinder of the personal representative of the estate if he is not named as a party. Section 473.340(4) RSMo 1978. The sole purpose of the proceeding is to obtain assets for the benefit of the estate. The duty of the personal representative is to administer those assets, if received, and to probate the assets in due form. However, we need not speculate as to the reasons that the legislature considered in mandating that the estate be a party. The mandate is explicit. In creating the statutory cause of action to discover assets the legislature required the estate to be a party.

Trial in the present case began on January 6, 1986. An attorney representing the successor personal representative participated in the selection of the jury. On the second day of trial, after the personal representative was "substituted as a party plaintiff" and after the jury was selected defendants filed "Motion to Limit Estate of Decedent from Participation at Trial on Petition to Discover Assets." Defendants alleged that the only remaining parties to the cause were plaintiff, three brothers and Community Federal Savings and Loan Association; that "while the estate of Benjamin Pilla is an interested party, it is not a litigant in these proceedings not having joined as a petitioner and not having been named as a respondent"; that it would be highly prejudicial to the rights of the heirs or some of the heirs if the estate were to actively participate in the trial; and, it would not be in the best interest of the estate to pay an attorney for the estate to participate in the trial.

In response to the motion counsel for the successor personal representative and counsel for the petitioner argued to the court that: 1) the successor personal representative was a party plaintiff because the court had so ruled; 2) Section 473.340.4 RSMo required the personal representative to be joined as a party; and, the Supreme Court held in *Magerstadt v. La Forge*, 303 S.W.2d 130, 133 (Mo.1957) "[a] party to a civil action has a right to be represented by counsel at all stages of the litigation and a court's arbitrary refusal of such right is a denial of due process of law in that it impairs the party's constitutional right to be heard." The court cited with approval 88 C.J.S. Trial Section 157, page 304.

Plaintiff's original position is supported by the record. On January 7, 1986, the following memorandum prepared by an attorney for the administrator de bonis was granted by the trial judge:

> Death of Nicholas Pilla, administor [sic] of the estate of Benjamin Pilla is suggested. By leave of court, Theresa Beck, Administrator de bonis *is substituted as party plaintiff* in the discovery of assets proceeding. January 7, 1986. Leave granted. /s/ Louis M. Kohn [our emphasis]

In addition to this designation of the personal representative as a party plaintiff the record reveals that counsel for the personal representative had participated in all preliminary proceedings and the selection of the jury. Given this record the holding in *Magerstadt* is controlling.

■ We again note the mandatory requirements of Section 473.340.4 RSMo 1978.[1] In addition, defendants in their motion recognized that the estate is an "interested party." This court cannot comprehend the additional allegation in defendant's motion that the estate "is not a litigant in these proceedings not having joined as a petitioner and not having been named as a respondent." In view of the statute and the order of the trial court that the personal representative be substituted as a party defendant, this pleading appears

meaningless. It is clear from the provisions of Section 473.340 that the estate could have been the original petitioner. For that reason it is not possible to consider the personal representative of the estate to have a conflict of interest on behalf of an interested party petitioner where heirs at law are defendants. The duty of the personal representative is to secure the assets for the benefit of probate expenses, creditors and thereafter distribution under a will or the intestate law. The personal representative is more than an interested party, he is an indispensable party. The trial court erred in ignoring the record, the statute, and the due process right of representation. There is some indication in the record that the trial court believed that Theresa Beck, as a de bonis personal representative, was prohibited from taking "sides when the people that she supposed to be representing here are in conflict." We find no conflict nor was it a matter of discretion under the statute for the trial court to exclude the personal representative from trial.

■ The successor personal representative was, by statute, an indispensable party. She has an obvious interest in the outcome of the litigation. The lack of an indispensable party is a jurisdictional failure which may be raised at any stage of the proceedings, even on appeal, *Lake Sherwood Estates v. Continental Bank*, 677 S.W.2d 372, 375 (Mo.App.1984). Because it is jurisdictional it may be raised by the court on its own motion. *Vanderson v. Vanderson*, 668 S.W.2d 167, 169 (Mo.App. 1984). A statutory necessary party is "pragmatically indispensable." *State ex rel. Emasco Insurance Co. v. Rush*, 546 S.W.2d 188, 195 (Mo.App.1977).

We reverse and remand for a new trial.

PUDLOWSKI, P.J., and CRANDALL, J., concur.

---

**1.** See, *Vitale v. City of Kansas City*, 701 S.W.2d 213 (Mo.App.1985) which decided that the issue of whether a party is an indispensable party under Rule 52.04(a) is a matter for the trial court.