Marvin SIMPSON, Dazerine Crouch, Hubert Simpson and Norma Montgomery, Respondents,

v.

Alberta SHELKER, Appellant.

No. 52388.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 8, 1988.

Application to Transfer Denied April 19, 1988.

Tremayne, Lay, Carr, Bauer & Nouss, Kenneth S. Lay, Robert E. Tucker, Clayton, Dale Eugene Cope, Troy, for Dorma Roberts.

Ellsworth Cundiff, Jr., Leslie A. Broome, St. Charles, for respondents.

CRIST, Judge.

Alberta Shelker appeals from the judgment of the Probate Division of the Circuit Court on Respondents' Petition to Discover Assets. In that judgment the court ordered Shelker to deliver possession and title to a piece of real estate and a certificate of deposit to the Estate of Eldredge Simpson, deceased. We affirm.

Eldredge Simpson (father) had six children; his oldest daughter was Alberta Shelker. By will, he bequeathed his property to his six children equally. Prior to his death, father established a $10,000 certificate of deposit and purchased a home. Both the home and the certificate of deposit were held jointly in the names of father and Shelker. The Petition to Discover Assets was brought by four of father's other children and named Shelker as defendant. It asserted the certificate and the home should have been inventoried as part of the assets of father's estate. The personal representative of the estate, Dorma C. Roberts, was not made a party.

On appeal Shelker asserts the personal representative of father's estate was an indispensable party in the Petition to Discover Assets. Rule 52.04 states the general rule governing necessary and indispensable parties. A person shall be joined if there cannot be complete relief for those already parties in his absence or if his interests are necessarily affected by the outcome. Rule 52.04(a). Once it is determined a person is a necessary party the court must "determine whether in equity

and good conscience the action should proceed ... or should be dismissed, the absent party being thus regarded as indispensable." Rule 52.04(b); *State ex rel. Emcasco Insurance Co. v. Rush*, 546 S.W.2d 188, 196[2] (Mo.App.1977). The personal representative was not an indispensable party under Rule 52.04; the estate received all assets sought to be discovered and there was complete relief in her absence. Neither Shelker nor the personal representative has suggested any prejudice to estate in the failure of the court to join the personal representative as a party.

Section 473.340, RSMo 1986, sets out the procedure for an action to Discover Assets. Subsection 4 states "[t]he court shall order the joinder of the personal representative of the estate if he is not named as a party." § 473.340.4, RSMo 1986. The purpose of this part of the statute is the protection of the estate. The personal representative may or may not be an indispensable party. Under the specific facts of two recent cases we held a nonparty was an indispensable party. *Yellow Freight System Inc. v. Mayor's Commission on Human Rights*, 737 S.W.2d 250, 254[2] (Mo.App.1987); *In re Estate of Pilla*, 735 S.W.2d 103, 104[1] (Mo.App.1987). In *Pilla* we found a personal representative was an indispensable party where there was a judgment in favor of the defendant, and the estate was affected to its detriment by the judgment. In *Yellow Freight System*, like in *Pilla*, the nonparty was affected to its detriment by the judgment; the city was adversely affected by the court order which declared its ordinances invalid. *Yellow Freight System* was not a probate case and the basis for finding an indispensable party was Rule 87.04 not § 473.340.

In the case at bar, the trial court's judgment benefited the estate; no more advantageous outcome was possible. The duty of the personal representative of father's estate was fulfilled by respondents. The estate of Eldredge Simpson, deceased, was not harmed by the failure of the trial court to join the personal representative as a party. The interests of the estate were fully protected and the personal representative in that capacity was not affected. *See Emcasco Insurance Co.*, 546 S.W.2d at 197[4]. The personal representative was not an indispensable party under these facts.

■ Shelker also attacks the substance of the court's decision. She alleges respondents failed to show (1) a confidential relationship existed between father and Shelker, (2) undue influence, and (3) that father was not capable of making a rational decision about the disposition of his property. We find her points to be without merit.

Father depended on Shelker's help and her advice. There was testimony that Shelker would not leave father alone with his other children and would sometimes even remove him from the room when he was visiting with his other children. Father's will indicated a desire to divide his possessions equally among his children. The estate without the house and the $10,000 certificate of deposit was valued at approximately $12,000 when inventoried after father's death. A disposition whereby one daughter, Shelker, received over one-half his possessions would not be in keeping with his expressed testamentary disposition.

On appeal of a court-tried case we must affirm the judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or the court incorrectly declared or applied the law. *Estate of Cantonia v. Sindel*, 684 S.W.2d 592, 595[1] (Mo.App.1985); *see also Lesh v. Lesh*, 718 S.W.2d 529, 532[1, 2] (Mo.App. 1986). In reviewing the evidence to determine if it supports the judgment, we defer to the ability of the trial court to view the witnesses and assess their credibility. *Estate of Holloway v. Whitaker*, 697 S.W.2d 551, 552[2] (Mo.App.1985). Under the above standard we cannot say the judgment is not supported by substantial evidence.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.