In the Matter of Walter R.H. BLOEMKER, Deceased.

Gloria SCHWARZ, et al., Appellants,

v.

Arland STEMME and Wesley Stemme, Respondents.

No. 54796.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 24, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1989.

Application to Transfer Denied April 18, 1989.

John L. Sullivan and Joyce E. York, Canice Timothy Rice, Jr., and Margaret E. Zapf, St. Louis, for appellants.

John K. Springborn, Richard M. Stout, and Rick M. Stout, Weldon Spring, for respondents.

GRIMM, Presiding Judge.

This is a suit wherein appellants, devisees under the will of Walter R.H. Bloem-

ker, brought suit for discovery of assets, pursuant to § 473.340, RSMo 1986, against Arland and Wesley Stemme. Devisees appeal from the trial court's order granting the Stemmes' motion for a directed verdict. We reverse and remand.

Although devisees' briefs state five points relied on, the resolution of one point disposes of the appeal. That point is whether the trial court erred in not joining the co-personal representatives of the estate as a party, and in not appointing an administrator ad litem during the pendency of this litigation.

Reviewing the evidence in the light most favorable to devisees, it discloses that in 1976, Walter Bloemker added Arland,* his niece by marriage, to his checking account "so that [she] could assist him, if he became ill, in paying bills, signing checks, so forth." In 1983, when Walter moved into a retirement community, he authorized Arland and her husband to have access to his apartment in case he became ill.

Walter entered a hospital on November 1, 1983 with pneumonia; later, he was diagnosed as having cancer. On November 30, Walter, while in the hospital, gave Arland a power of attorney over his assets at County Bank, where he had his checking account. On December 13, while still in the hospital, Walter sent Arland to St. Louis Federal Savings and Loan Association to have her name added to his savings account. This was done for her convenience so that she "could assist him in paying his medical and other bills."

On January 10, 1984, Arland drove Walter to St. Louis Federal Savings and Loan Association where Walter cashed his $20,-000.00 certificate of deposit. Walter put $15,000.00 of the funds into a certificate of deposit with Arland. This, too, was done, according to Arland, so she "would be able to pay his bills and assist in handling whatever emergency might arise." The remaining $5,000.00 was deposited into Walter's savings account, to which Arland's name had been added. As to each of these accounts, the Stemmes contend that a joint account with right of survivorship was created.

Edward Bloemker, another nephew, testified that in the early 1970's, Walter told him that "all the funds and everything, was to go into the estate" and be divided equally among his nieces and nephews. On January 14, 1984, Walter, according to Edward, gave him a list of his accounts, including the checking account and the certificate of deposit. He then told Edward "if anything ever happened to him that—to make sure these go into the estate."

Arland acknowledged that the accounts to which her name had been added were not gifts to her. She also told three heirs, after Walter's death, that "maybe [the money] should have been put into the estate." Walter died March 18, 1984; his bills totaled less than $900.00.

The dispositive issue is whether the trial court erred in not joining the co-personal representatives of the estate as a party, and in not appointing an administrator ad litem during the pendency of this litigation.

A personal representative of the estate is an indispensable party in discovery of assets actions brought pursuant to § 473.340, RSMo 1986. *In Re Estate of Pilla*, 735 S.W.2d 103, 105 (Mo.App.E.D. 1987). In *Pilla*, we said that the "estate is, by statute, an indispensable party to the statutory proceeding to discover assets. The statute requires the court to order the joinder of the personal representative of the estate if he is not named as a party." *Id.* at 104; § 473.340(4), RSMo 1986.

Arland and Wesley Stemme were named as parties to this action. However, they were named as parties only in their individual capacity. The Stemmes, as co-personal representatives of the estate, were not named as parties in their representative capacity. The Estate of Walter Bloemker was not named as a party. Thus, there was a failure to join an indispensable party to this action.

The Stemmes argue that this point was not presented to, or decided by, the trial court, and therefore, is not preserved error. In *Pilla*, however, we held that the

---

* We refer to individuals by their first name for ease of reading, and not out of disrespect.

failure to join an indispensable party is a jurisdictional failure which may be raised at any stage of the proceedings, even on appeal. *Id.* at 105.

At oral argument, the Stemmes argued that *Simpson v. Shelker,* 747 S.W.2d 259 (Mo.App.E.D.1988) was applicable. We disagree. However, even if *Simpson* was applicable, the facts in this case are clearly distinguishable. Here, Walter's estate did not receive the contested assets; in *Simpson* the estate did. In *Simpson,* the failure to join the personal representative did not harm the estate; here the estate was affected to its detriment.

■ Further, we find that the trial court erred in not appointing an administrator ad litem for the estate during the pendency of this litigation.

Here, the devisees brought suit on behalf of Walter's estate against the Stemmes, who were also serving as co-personal representatives of that estate. As stated in *Matter of Estate of Mapes,* 681 S.W.2d 476, 478 (Mo.App.W.D.1984), "it is contrary to general experience that one is able to fairly represent his own interest and at the same time represent those of another which are in conflict with his own." *Id.* at 479, quoting *Matter of Estate of Stickler,* 551 S.W.2d 944, 949 (Mo.App.S.D.1977), citing *Davis v. Roberts,* 206 Mo.App. 125, 226 S.W. 662, 664 (1920).

The Stemmes' position was entirely in conflict with the position of Walter's estate. The Stemmes are trying to retain funds, while the estate would be benefitted if it is determined that the funds belong to the estate. Consequently, the Stemmes could not represent the estate. Thus, an administrator ad litem should have been appointed for the estate in this litigation.

The judgment of the trial court is reversed. The matter is remanded to the trial court with directions to appoint an administrator ad litem to represent the estate during this litigation. The administrator ad litem shall be joined as a party to this action.

KAROHL, J., concurs.

GARY M. GAERTNER, J., dissents in separate opinion.

GARY M. GAERTNER, Judge, dissenting.

I respectfully dissent.

Section 473.340(4) (1986) mandates that a court "order the joinder of the personal representative if he is not named as a party." *See also Estate of Pilla,* 735 S.W.2d 103, 104 (Mo.App., E.D.1987). Appellants in the case before us named as parties to the action the personal representatives of Walter Bloemker's estate in their individual capacity. I believe this satisfied the requirements of the statute. For, RSMo § 473.340(4) (1986) does not state that personal representatives must be named in their representative capacity. This court is not permitted to add provisions to a statute under the guise of construction if they are not plainly written or necessarily implied. *Wilkinson v. Brune,* 682 S.W.2d 107, 111 (Mo.App., E.D.1984). "We are not to supply, insert or read words into a statute unless there is an omission plainly indicated and unless the statute is incongruous, unintelligible or leads to absurd results." *State v. Weinstein,* 395 S.W.2d 525, 527 (Mo.App., E.D.1965). Nor does case law, as set forth in *Pilla,* require such a designation. *Pilla* merely reiterates the statute's dictate that "the court [is] to order the joinder of the personal representative of the estate if he is not named as a party." *Id.* at 104. And, although *Pilla* classified the personal representative as an indispensable party to an action to discover assets, *Id.* at 105, subsequent case law has not consistently followed that holding. *See Simpson v. Shelker,* 747 S.W.2d 259, 260 (Mo.App., E.D.1988). The majority opinion distinguishes *Simpson's* holding that the personal representative was not an indispensable party under the facts presented in that case. The majority opinion states that the failure to join the personal representative in *Simpson* did not harm the estate; thus, *Simpson* differs from the present case. I disagree, as I cannot discern how the Bloemker estate was harmed by the failure to join the personal representatives in their representative capacity. It is true that Arland and Wesley Stemme, the per-

sonal representatives, were not asserting the interests of the estate. However, appellants' position certainly put them in the role of vigorous advocates for the estate's interests. *Simpson* requires that the "interests of the estate [be] fully protected." Appellants' advocacy fully protected the interests of the Bloemker estate. Finally, the majority refers to *Matter of Estate of Mapes*, 681 S.W.2d 476, 478 (Mo.App., W.D. 1984) for the proposition that one cannot fairly represent his own interest and at the same time represent those of another which are in conflict with his own. *Id.* at 479. In the present case, Arland and Wesley Stemme were not called upon to represent the estate's interests. Instead, as stated previously, appellants took this position. Appellants freely chose to name the personal representatives of the Bloemker estate in their individual capacity. Now, because this court today reads into RSMo § 473.340(4) (1986) a requirement that appellants should have named the personal representatives in their representative capacity, appellants are given a "second bite at the apple" and the estate's funds will most likely dissipate substantially due to the further litigation.