In the Matter of the ESTATE OF
Walter R.H. BLOEMKER.

Edward BLOEMKER, Appellant,

v.

Arland and Wesley STEMME,
Respondents.

No. 60255.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 21, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 24, 1992.

Application to Transfer Denied
June 2, 1992.

Henry B. Robertson, St. Louis, for appellant.

Richard Margrave Stout, Weldon Spring, for respondents.

GARY M. GAERTNER, Judge.

This case represents what should be the final chapter in the veritable tome created by the legal papers filed following the March 18, 1984, death of Walter Bloemker. Included in the more than 140 separate docket entries in the circuit court are notations of a prior appeal to this court *In the Matter of Bloemker*, 766 S.W.2d 687 (Mo. App., E.D.1989), a motion requesting sanctions against appellant for his persistent filing of frivolous papers in this case,[1] the subsequent sustaining of that motion, and the filing leading to this appeal, a motion seeking to dismiss the proceedings for lack of subject matter jurisdiction. We affirm.

As noted above, the decedent, Walter Bloemker, passed away on March 18, 1984. On April 12, 1984, respondents, Arland and Wesley Stemme, filed their petition for probate of will and for letters testamentary in the probate division of St. Louis County. Proof of the will was presented and, on that date, the court issued a certificate of probate. Notice of the admission of the will to probate and appointment of the personal representative was prepared and

1. Appellate counsel did not represent appellant    before the trial court.

served by mail and publication shortly thereafter.

An order for final distribution of the estate was entered on September 24, 1990, followed by a supplemental order for distribution on December 26, 1990. On March 15, 1991, appellant filed his petition to dismiss for lack of subject matter jurisdiction. This motion was denied on April 25, 1991 and this appeal followed.

■ Appellant first contends that the trial court never acquired subject matter jurisdiction over the estate because the personal representatives "waived and renounced their right to apply for letters testamentary by filing their petition after the twenty days allowed by statute." We disagree.

RSMo § 473.020.1 provides: "If no application for letters is filed by a person entitled thereto under § 473.110 within twenty days after the death of decedent, any interested person may apply to the court of a proper county." As the executors nominated in the decedent's will, respondents were persons "entitled" to letters.

Appellant contends that the twenty day limit imposed by RSMo § 473.020.1 mandates that all persons entitled to letters file their application within twenty days or forfeit their right to do so. Appellant further argues that, after the twenty day period, only other "interested persons" may apply unless the named executors are directed to apply by the trial court.

Appellant has cited this court to no cases supporting his rather unique argument, and we do not agree with his interpretation of the statute. The statute clearly does not limit the time in which a named executor must file the application for letters in the probate court. Instead, RSMo § 473.-020.1 merely insures that, where an executor has failed to file in a timely manner, i.e. twenty days, other interested persons should be free to do so. Point denied.

■ Appellant next contends that the notice of the appointment of personal representative was defective in failing to advise creditors of their subjection to the nonclaim statute or legatees of their rights to contest and establish the nature and extent of their interest in the estate.

The notice provision of RSMo § 473.033 (1978) requires that notice of the appointment of a personal representative, including notice to creditors of the decedent, be mailed and published following the issuance of letters testamentary. The notice is required to be "substantially" in the form provided by the statute. The notice filed in the present case stated:

> To all persons interested in the estate of the above named decedent:
>
> On the 12th day of April, 1984, the last will of the decedent was admitted to probate and Arland Stemme and Wesley C. Stemme were appointed the personal representatives of the estate of Walter Rudolph Henry Bloemker, decedent, by the Probate Division, Circuit Court, St. Louis County, Missouri.
>
> The address of the personal representatives ie: 13969 Olive Boulevard, Chesterfield, Missouri 63017
>
> and the attorney is: Richard M. Stout of 300 Chesterfield Center, Chesterfield, Missouri 63017.
>
> Claims must be paid by the personal representative or be filed in court within six months from the date of first publication of this notice or be forever barred.
>
> Receipt of this notice does not necessarily mean that the recipient has an interest in the estate. The amount of a person's interest can be determined from the estate files in said Probate Division.

Appellant has, again, pointed this court to no cases supporting his argument. Nor has appellant alleged that he was in any way misled by the notice; indeed appellant has been involved in substantial litigation involving this estate. We find the notice filed here more than sufficient to give notice to the appellant of the pendency of the proceedings so that he could appear and protect his interests. Point denied.

The denial of the appellant's motion to dismiss by the trial court is affirmed.

REINHARD, P.J., and CRANE, J., concur.