John E. TUCHSCHMIDT,
Plaintiff–Respondent,

v.

Thomas C. TUCHSCHMIDT and Norma B. Tuchschmidt, Defendants–
Appellants.

No. 62583.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 17, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1993.

Application to Transfer Denied
Oct. 26, 1993.

742

GallopGallop, Johnson & Neuman, Edwin D. Akers, Jr., Cawood K. Bebout, St. Louis, for defendants-appellants.

John E. Tuchschmidt, Richmond Heights, for plaintiff-respondent.

PUDLOWSKI, Judge.

Appellants, Norma Tuchschmidt and her son Thomas Tuchschmidt, appeal from a probate court order revoking their independent letters testamentary and removing them as personal representatives of the estate of John A. Tuchschmidt, decedent.

Appellants claim that their actions as personal representatives did not constitute substantial evidence or grounds to justify revocation of letters testamentary and removal of personal representatives under § 473.833, or under § 473.140 of the Mo. Probate Code, RSMo 1986. We disagree, and we affirm the probate court order.

### I. Facts

On Nov. 1, 1990, decedent died testate. The Probate Division of the St. Louis County Circuit Court ordered decedent's will entered to probate and granted independent letters testamentary to appellants, who were designated in the will as joint personal representatives. As required, appellants posted a surety bond in the amount of $475,000.00, and engaged legal counsel to assist them in the administration of the estate.

Appellants filed, on Jan. 30, 1991, a flawed "Inventory & Appraisement" which listed the total value of the estate at $457, 411.78. The Inventory & Appraisement included two shares of stock in N. Carson Co., a closely

held family corporation valued at $353,970.00. On the Inventory & Appraisement, appellants improperly listed three acres of Illinois real property as an underlying asset of N. Carson Co., and deemed the value of the property to be "zero" pending a subsequent appraisal. Evidence revealed, however, that the property was, in fact, owned by appellant, Norma Tuchschmidt, not N. Carson Co., and that the property had been cited by the Illinois Environmental Protection Agency for hazardous waste violations and potential penalties of up to $150,000.00, plus $10,000.00 for each succeeding day of violation. Because appellants improperly listed the property as an asset of the estate, they also improperly charged the estate with a $175.00 fee for an appraisal of the Illinois property. The Inventory and Appraisement also failed to take account of the dividends and interest earned on the estate assets.

Appellants awarded themselves each $11,535.86 as compensation for serving as independent personal representatives. The probate court found these fees to be "unreasonable and excessive," and reduced the fees substantially. Appellants have not challenged the probate court's reduction of their compensation.

On Oct. 7, 1991, respondent John E. Tuchschmidt, (appellants' son and brother, respectively), filed a *pro se* petition to revoke appellants' letters testamentary and to remove appellants as personal representatives of the estate. Respondent proceeded *pro se* at both the probate hearing and on appeal.

The probate court conducted a hearing on July 16, 1992, regarding respondent's petition. In its final judgment, the probate court surcharged appellants for the difference between the unreasonable fees they paid themselves and the reasonable fees they should have been paid, and for the $175.00 appraisal fee on the Illinois property. In addition, the probate court revoked appellants' independent letters testamentary and removed them as personal representatives. A successor personal representative was appointed and the estate was converted from an independent to a supervised administration.

## II. Analysis

In our review of the probate court's decision, we are limited by the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976) and Rule 73.01.

[T]he decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is "against the weight of the evidence" with caution and with a firm belief that the decree or judgment is wrong.

*Murphy*, 536 S.W.2d at 32. Due regard should also be given to the opportunity of the trial court to have judged the credibility of witnesses. Rule 73.01(c)(2).

Two sections of the Probate Code grant the probate court authority to revoke letters testamentary and to remove personal representatives: § 473.833.4, and § 473.140, RSMo 1986. First, we shall consider § 473.833.4, entitled "Revocation of independent administration, when—petition—hearing—orders of court." In relevant part it reads:

If the court finds that the actions of the independent personal representative have resulted in loss to the estate, the court may, in addition to ordering supervised administration, remove the personal representative and enter judgment against him and his sureties, if any, in accordance with the provisions of section 473.207.

§ 473.833.4, RSMo 1986.

Section 473.833.4 vests the probate court with broad discretion to determine what remedy is in the best interests of persons interested in the estate. *See In re Estate of Buder*, 781 S.W.2d 259, 261 (Mo. App.E.D.1989); *See also* John A. Borron, Jr., *Independent Administration And Other Probate Matters Under the New Code*, 37 J.Mo.B. 13, 20 (1981); Francis M. Hanna, *Probate Law and Succession Taxes: Missouri Leaps Forward*, 49 U.M.K.C.L.Rev. 170, 174 (1980–1981). Rule 73.01(a)(2) also guides our application of § 473.833.4 by stating, "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the

result reached." Absent a specific request, the probate court has no duty to make specific findings. *Estate of Newhart*, 622 S.W.2d 398, 400 (Mo.App.W.D.1981).

■ Appellants did not request the probate court to make a specific finding on "loss to the estate," therefore, the probate court was under no obligation to do so. In accordance with the probate court's revocation and removal, the evidence displayed that appellants' improper actions had caused loss to the estate in the form of delay, of excessive compensation, and of unwarranted land appraisal. Therefore, we affirm, because we find that substantial evidence existed to support the probate court's revocation of appellants' letters testamentary and removal of appellants as personal representatives under § 473.833.4.

Section 473.140 entitled "Removal of personal representative" could also have authorized the probate court to revoke appellants' letters and to remove them as personal representatives.

If any personal representative becomes ... in any manner incapable or unsuitable to execute the trust reposed in him ... the Court, upon its own motion, or upon complaint in writing ... shall hear the matter and may revoke the letters granted.

§ 473.140, RSMo 1986.

■ A proceeding for revocation and removal under this section can be had only upon grounds mentioned in the statute and for causes arising after appointment. *Davis v. Roberts* 226 S.W. 662, 664 (Mo.App.W.D. 1920) (construing the former removal statute which contained language now appearing in § 473.140). The phrase "in any manner incapable or unsuitable to execute the trust reposed in him," contains general words and is complete within itself. *Davis*, 226 S.W. at 665.

Appellants' cite *In re Schwidde's Estate*, 363 S.W.2d 585 (Mo.banc 1963) as controlling on whether appellants were unsuitable to execute the trust reposed in them. The impropriety in *In re Schwidde's Estate* related merely to the personal representative's method of carrying-out a court order; the court found no sign of bad faith or dishonesty. *In re Schwidde's Estate*, 363 S.W.2d at 589. In fact, the court was convinced that the personal representative had been acting in good faith. *Id.* The court, in other words, considered the personal representative trustworthy to settle the estate.

■ Contrary to the situation in *In re Schwidde's Estate*, the impropriety in our case related to appellants' enriching themselves on their own accord. The probate court was convinced that appellants were "less than credible," "evasive," and "not fully open" in their responses and justifications. To finish administering the estate there was still much left to be done, and the probate court considered appellants untrustworthy to complete the administration. Appellants' improper actions and their incredible testimony constituted substantial evidence to support the finding that appellants were in some manner unsuitable to execute the trust reposed in them, and to justify the probate court's revoking appellants' letters testamentary and removing them as personal representatives. Therefore, the probate court did not exceed its statutory authority. Appeal denied.

AFFIRMED.

CRANDALL, P.J., and GRIMM, J., concur.