John **STEINER, as Personal Representative of the Estate of Margaret R. Vatterott, Deceased, Plaintiff/Respondent,**

v.

**Michael J. VATTEROTT, Defendant/Appellant.**

**No. 73126.**

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 4, 1998.

**192**

Ryan S. Shaughnessy, St. Louis, for defendant/appellant.

Gerard N. Nester, St. Louis, for plaintiff/respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

Michael J. Vatterott (Defendant) appeals the judgment of the trial court sustaining the Motion for Order Nunc Pro Tunc and ordering the substitution of "John S. Steiner, as Personal Representative of the Estate of Margaret R. Vatterott" (Steiner) as the plaintiff below for "the Estate of Margaret R. Vatterott" (Estate), and the judgment denying the Motion to Vacate Void Judgment and Dismiss for Lack of Jurisdiction. Defendant alleges the trial court erred when it: (1) allowed the Estate to be a party because it is not a legal entity and lacks the capacity to sue, (2) failed to join the personal representative as a necessary and indispensable party, (3) substituted parties after trial in a Nunc Pro Tunc Order as a "clerical error," (4) substituted parties more than thirty days after the judgment became final because the court lacked jurisdiction, (5) allowed claims barred by the statute of limitations, and (6) denied his demand for a jury trial. We reverse and remand.

### Facts

Honora Kennedy (Kennedy), the daughter of Margaret R. Vatterott, sued Defendant, her brother, for an accounting and damages for fraud and undue influence in the management of their father's trust to benefit their mother. On December 4, 1995, before the end of the trial, "the Estate of Margaret R. Vatterott, deceased" was substituted for Kennedy as the named party. The order of the circuit court read: "By consent of the parties, the Estate of Margaret Vatterott is hereby substituted as plaintiff herein." On March 20, 1997, the court entered a judgment for "the Estate of Margaret R. Vatterott, deceased" for $86, 364.28. Defendant filed a Motion for New Trial on April 22, 1997. The court denied Defendant's motion on June 4, 1997. Defendant did not appeal the March 20, 1997 judgment.

On July 25, 1997, Estate filed a Motion for Order Nunc Pro Tunc to amend and correct the named plaintiff from "Estate of Margaret R. Vatterott, deceased" to "John Steiner, Personal Representative of the Estate of

Margaret R. Vatterott, deceased." On August 26, 1997, Defendant filed a Motion to Vacate Void Judgment and to Dismiss for Lack of Jurisdiction. On August 29, 1997, the court in its "Order and Judgment" sustained the Motion for Order Nunc Pro Tunc and ordered the substitution of the party; the court also overruled and denied Defendant's Motion to Vacate Void Judgment and to Dismiss for Lack of Jurisdiction. Defendant appeals from the trial court's order and judgment granting the Motion for Order Nunc Pro Tunc and the order and judgment denying the Motion to Vacate Void Judgment.

### Order Nunc Pro Tunc

■ We need only address Defendant's third point on appeal, alleging the trial court erred when it sustained the Motion for Order Nunc Pro Tunc, and Defendant's first point on appeal, alleging the trial court erred when it denied the Motion to Vacate Void Judgment and Dismiss for Lack of Jurisdiction. We will address Defendant's third point first. In his third point on appeal, Defendant asserts that "the trial court erred in permitting the post-judgment substitution of the personal representative under Rule 74.06(a) on the grounds of clerical error." We agree.

Rule 74.06(a) states:

*Clerical Mistakes—Procedure.* Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected with leave of the appellate court.

(1997).

In 1997, our Supreme Court explained Nunc Pro Tunc Orders. "A clerical error is an error made in the recording of a judgment; therefore, the correction of a clerical error conforms the record to the judgment of the court." *Pirtle v. Cook,* 956 S.W.2d 235, 241 (Mo.1997). "Because a nunc pro tunc order merely causes the record to reflect the true judgment of the court, this power can be exercised at any time. Because nunc pro

tunc orders do not enter new judgments, but are confined to the record, no notice or opportunity to be heard need be given." *Id.* (internal citations omitted). "The purpose of the nunc pro tunc amendment is to make the record conform to what was actually done.... [A]n order nunc pro tunc may be used only to correct a clerical error in entering a rendered judgment, it may not be used to alter or amend the rendered judgment." *Id.* (citing *Unterreiner v. Estate of Unterreiner,* 899 S.W.2d 596, 598 (Mo.App.1995), quoting *Brunton v. Floyd Withers, Inc.,* 716 S.W.2d 823, 826 (Mo.App.1986) (internal quotations omitted) (emphasis omitted)). " 'Such orders are authorized only where the original record entry of the judgment is not the actual judgment rendered by the court. In such a case the court of rendition may issue an order nunc pro tunc to make the record conform to the judgment actually rendered.' " *Pirtle,* 956 S.W.2d at 241 (citation omitted).

Here, the trial court used a nunc pro tunc order to substitute Steiner for the Estate as the party. The Order Nunc Pro Tunc failed to harmonize the original record entry of the judgment with the actual judgment rendered by the court because nowhere in the record do we find that was the original intention of the court. Instead the Order Nunc Pro Tunc was used to effect a substitution of parties. We find that the trial court erred when it substituted the parties in the Order Nunc Pro Tunc.

### Motion to Vacate Void Judgment

In his first point on appeal, Defendant asserts that the trial court erred in denying his Motion to Vacate Void Judgment and Dismiss for Lack of Jurisdiction because "the judgment entered by the trial court on March 20, 1997 is void for the reason that the estate of Margaret R. Vatterott is not a legal entity and lacks the capacity to sue." Defendant argues that although Steiner was the duly appointed personal representative of the Estate "at all times relevant hereto," on December 4, 1995, upon motion made by counsel for Kennedy, the Estate and not Steiner was substituted for Kennedy as plaintiff in this suit. Therefore, Defendant concludes,

the judgment rendered on March 20, 1997, in favor of the Estate is null and void.

Steiner, however, asserts that the court took judicial notice of the probate file including notice of the appointed personal representative, and the Defendant failed to specifically negatively aver the joinder as required under Rule 55.13 and therefore waived any objection to that party's capacity to sue. Steiner states in his brief that "[t]he trial judge took judicial notice of the probate file, both at Plaintiff's request to establish the death of Margaret Vatterott and the existence of the decedent estate and at Defendant's request to establish certain payments to the estate which he claimed as a set off to any judgment of liability entered against him in cause number 681146." And therefore, Steiner asserts the trial court knew of the appointment of the personal representative and this proves that Steiner was joined as the personal representative. Steiner, however, fails to cite the record for these allegations and we find nothing in the record to support these allegations. Steiner also asserts that Defendant waived his objection to the party's capacity to sue by consenting to the substitution of the Estate as the named party.

While Defendant failed to appeal the March 20, 1997 judgment, Defendant did file the motion to vacate void judgment timely pursuant to Rule 74.06(b) (1997). We review the court's August 26, 1997 judgment overruling the Defendant's Motion to Vacate Void Judgment and to Dismiss for Lack of Jurisdiction.

■ The law with regard to an estate's capacity to sue is clear. "The personal estate of a decedent is not a legal entity. It cannot sue or be sued as such, and it cannot appeal as such. In all proceedings against the estate of deceased persons the administrator or executor is an indispensable party." *Estate of Munzert*, 887 S.W.2d 764, 766 (Mo. App. E.D.1994) (citing *In re Estate of Cromwell*, 522 S.W.2d 36, 41 (Mo.App. E.D.1975)). "The duty of the personal representative is to secure the assets for the benefit of probate expenses, creditors and thereafter distribution under a will or the intestate law." *In re Estate of Pilla*, 735 S.W.2d 103, 105 (Mo.App.

E.D.1987). "The failure to join an indispensable party to litigation is so fundamental and jurisdictional as to require its consideration by this court whether raised by the parties or not." *Spellerberg v. Huhn*, 672 S.W.2d 728, 729 (Mo.App. E.D.1984) (citing *Riley v. Riley*, 603 S.W.2d 32,35 (Mo.App. W.D. 1980)). "[F]ailure to join an indispensable party is a jurisdictional failure which may be raised at any stage of the proceedings, even on appeal." *Matter of Bloemker*, 766 S.W.2d 687, 689 (Mo.App.E.D.1989) (citing *In re Estate of Pilla*, 735 S.W.2d at 105).

■ Here, Kennedy asked the court to substitute "The Estate of Margaret R. Vatterott, deceased" for "Honora Kennedy." The party as named represented an entity that did not have the legal capacity to sue. Any judgment for the party is null and void. We conclude that an estate is not a legal entity and any judgment for an estate is null and void.

Because the judgment is null and void we find the trial court erred in overruling and denying Defendant's Motion to Vacate Void Judgment and to Dismiss for Lack of Jurisdiction. Because of our disposition on points one and three we do not reach Appellant's other points.

Judgments of the trial court are reversed and remanded with directions to set aside the Nunc Pro Tunc order and judgment and grant the motion to vacate the void judgment.

SIMON and HOFF, JJ., concur.