ZENAS VARNEY, Appellant, v. D. W. JACKSON *et al.*, Respondents.

### Kansas City Court of Appeals, May 4, 1896.

1. **Liveryman's Lien:** MINGLED ACCOUNT. The statute gives a lien on both horse and carriage for keeping the horse, but there is no lien on either for keeping the carriage; and when the account is for keeping horse and carriage and the items for each are so intermingled that they are not distinguishable, the lien can not be enforced.

Varney v. Jackson.

2. ———: JUSTICES' COURTS: JURISDICTION: RES ADJUDICATA. A justice of the peace has jurisdiction of actions wherein a liveryman claims a lien and also of actions where title is claimed under chattel mortgage, and his judgment is *res adjudicata* as between a liveryman and a mortgagee.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, JUDGE.

REVERSED AND REMANDED (*with directions*).

*Hollis & Lithgow* for appellant.

(1) The confusing of several accounts together destroys the identity of a lien claim and renders it invalid. *Reitz v. Ghio*, 47 Mo. App. 287; *Kirtley v. Morris*, 43 Mo. App. 144; *Kelley v. Kelly*, 77 Maine, 135. (2) A judgment of the justice of the peace, who has jurisdiction of the subject-matter and parties, is not subject to collateral attack. *Karnes v. Alexander*, 92 Mo. 660; *Secker v. Clinginsmith*, 97 Mo. 406. (3) The plaintiff's mortgage gave him a prior lien which could not be defeated by the feeder's lien of Gilchrist, if he had one. No pretense that plaintiff knew or consented to defendant's keeping the stock. *Howes v. Newcomb*, 146 Mass. 76; *Stone v. Kelly & Son*, 59 Mo. App. 214; *Baskin v. Edmiston*, 62 Mo. App. 515; *Pickett v. McCord*, 62 Mo. App. 467.

*Beebe & Watson* for respondents.

(1) The court found Gilchrist's lien was prior to plaintiff's mortgage, and that plaintiff knew at the time that horse and hack were being kept at the stable and liable to have a lien established against them, and that the justice's judgment was void, and Gilchrist's debt was $95. Having acquiesced in Jackson keeping said property at defendant Gilchrist's livery stable,

appellant is in no position to claim a priority of lien mortgage over the livery stable keeper's lien. *Pickett v. McCord*, 62 Mo. App. 467; *Smith v. Stevens*, 36 Minn. 303, and cases cited; *Case v. Allen*, 21 Kan. 217, and authorities cited. (2) Defendant's account was all right. The meager extract of evidence in appellant's so-called abstract shows that Jackson had a running account, and owed $117.50 on both horses and hack, and that on the property mortgaged there was owing 95 or $96. The court found $95 and this finding is conclusive on the plaintiff. (3) The justice had no jurisdiction to determine the priority of these conflicting liens. Such an issue could only be determined in a court of equity jurisdiction and a justice has no such jurisdiction. *McCann v. Sawyer*, 59 Mo. App. 480.

ELLISON, J.—This is an action of replevin, begun in the circuit court of Jackson county, to recover possession of one bay horse and a certain carriage described in the petition. Plaintiff's claim is based on a chattel mortgage. The defendant resisted plaintiff's case by the claim of a liveryman's lien, under section 6730, Revised Statutes, 1889. The trial court found for defendant.

We think the judgment can not be sustained. In the first place, defendant's account, upon which his liveryman's lien is predicated, is for keeping the horse *and carriage*. An unnamed and unascertained part of the account is for keeping the carriage, which, we gather from the record, was a "five glass landau," with lamps, etc. There is nothing to show what part of the account was for the horse and what part for the carriage; and as for the latter, there is no lien, defendant should not have had judgment. The statute gives to the livery stable keeper, for keeping and boarding a horse, a lien on the horse and on "any vehicle, harness,

Varney v. Jackson.

or equipment coming into his possession therewith."
But it does not give a lien on any of this property for
keeping anything but the animal. While there is a
lien on both horse and carriage for keeping the horse,
there is no lien on either, for keeping the carriage.
There being, therefore, no way to distinguish between
the sum claimed for the carriage and that claimed for
the horse, the judgment for defendants was not
proper.

The judgment must be reversed for the further
reason that defendant instituted his action on the same
account to enforce his lien thereon, against the mort-
gagor as defendant, before a justice of the peace.
There was personal service of such mortgagor defend-
ant. This plaintiff appeared and set up his rights
under his mortgage, under what was styled in the pro-
ceeding as an interplea. To these proceedings it
seems the parties appeared and the judgment of the
justice was against this defendant (plaintiff in that
case) on the lien, but for him on the account merely.
Defendant, however, now insists that the justice had
no jurisdiction to determine the lien, since, as defend-
ant contends, it was a matter in equity and justices
have no jurisdiction of actions in equity. We are not
inclined to this view of the matter. This plaintiff was,
in reality and in effect, made a party defendant in the
cause before the justice. The lien of the chattel mort-
gage and the lien of the livery stable keeper were each
legal liens and not dependent upon equitable principles,
or equity jurisdiction, for enforcement. A justice of
the peace has jurisdiction of actions wherein a livery-
man claims a lien; and so he has of actions wherein
title or right to possession may be claimed under a
chattel mortgage. We are of the opinion that the
judgment should be reversed and cause remanded to

the circuit court, with directions to enter up judgment for plaintiff for the property replevined and for nominal damages. All concur.