Lyle D. SMITH and Edgar Berg d/b/a Red River Motor Company, Respondents,

v.

Adrian C. COWEN, Appellant.

No. 23303.

Kansas City Court of Appeals.

Missouri.

Oct. 2, 1961.

Robert P. Willenbrink, Kansas City, for appellant.

Heilbron & Powell, Kansas City, for respondents.

CROSS, Judge.

This appeal is from a judgment awarding plaintiffs compensation for property damage to an automobile sustained in a collision with another automobile driven by defendant.

Prior to the collision plaintiff Lyle D. Smith bought the automobile involved from plaintiff Edgar Berg, otherwise designated as Red River Motor Company. The transaction was a time payment conditional sales contract providing that Smith have possession and use of the car, but that legal title should remain in Red River until Smith paid the purchase price in full. While the contract was still in effect and when Smith was driving the car at a street intersection in Kansas City, Missouri, the vehicle collided with one driven by defendant Adrian C. Cowen. Smith filed suit in magistrate court charging Cowen with negligence as the cause of the collision and praying damages in the sum of $1,000. Before trial and by leave of court, Red River was added as a party plaintiff. The magistrate tried the case without a jury and gave plaintiffs a judgment for $590, from which defendant appealed. The circuit court also tried the case without a jury. That

court found that plaintiffs were the real parties in interest, found the issue of liability in favor of plaintiffs, found that plaintiffs were damaged in the sum of $555, and accordingly rendered judgment in plaintiffs' favor. Defendant again appeals.

Defendant first contends that the circuit court was without jurisdiction in this case. The argument runs thus: the circuit court's jurisdiction, being derivative, is coextensive with that of the magistrate court; the magistrate court has no jurisdiction "to adjudicate a strictly equitable interest"; plaintiff Smith, as purchaser under a conditional sales contract, was not the legal owner but was only the equitable owner; the action filed in magistrate court was an attempt by Smith to have that court "adjudicate a strictly equitable interest", —a function outside that court's jurisdiction. This novel theory advanced by defendant is unsupportable.

This case is a simple action in tort *to recover money damages only,* as compensation for loss resulting from defendant's negligence. There is no controversy as to the extent and nature of Smith's interest in the vehicle. He asks for no adjudication that he owned an equity in the car. That fact is admitted by the defendant. The circumstance that plaintiff Smith is the automobile's equitable owner does not convert the law suit into a proceeding in equity. If that were true, then all actions brought by mortgagors for damages to or for conversion or possession of the mortgaged chattels would also be suits in equity, barred from magistrate court jurisdiction. See Varney v. Jackson, 66 Mo.App. 348; Barnes Hospital v. Schultz, Mo.App., 90 S.W.2d 164; State ex rel. Wagner v. Moone, Mo.App., 33 S.W.2d 975; Whitlow v. Shortridge et al., Mo.App., 237 S.W. 834; Hoover v. Abell, Mo.App., 231 S.W. 2d 217. Cases cited by defendant as examples of equitable proceedings improperly addressed to magistrate courts are not in point.

■ The sole issues in the case before us are as to the liability of defendant and the amount of money damages to be awarded if defendant be held liable. There is no prayer for equitable relief. None has been granted. The sum demanded as damages is $1,000. Therefore, we rule that the Magistrate Court of Jackson County had lawful jurisdiction of the case, under Section 482.090 V.A.M.S., and that derivative jurisdiction was conferred upon the circuit court by defendant's appeal.

■ Defendant next assigns that the trial court erred by including plaintiff Red River as a co-beneficiary of the judgment against defendant, because "the entire record is devoid of any evidence concerning this plaintiff except in the judgment entry". We agree that Red River was not entitled to the benefit of the judgment, but not for the reason urged by defendant. The evidence shows that on the same day the sales contract was executed, and prior to the collision, Red River had sold, assigned and transferred all its right, title and interest in and to the contract to the First National Bank of East Grand Forks, Minnesota. By that act Red River became a stranger in interest to the sales transaction, and to this cause of action. Red River was improperly joined as a plaintiff since it was neither a proper nor necessary party. It is of no comfort to defendant that the trial court erred in rendering judgment for Red River, because that act was in the disinterest of Smith—not defendant. Since the judgment for Red River is unsupportable, the merits of this appeal should be determined solely as between plaintiff Smith and the defendant Cowen.

Defendant contends that this action has not been prosecuted by the real party in interest, as required by Civil Rule 52.01, (Sec. 507.010 V.A.M.S.) V.A.M.R. Defendant argues that the First National Bank "was not only the real party in interest, but also a necessary party". We cannot accept those views.

■ The specific purpose underlying the enactment of Section 507.010, and like statutes in most jurisdictions, providing that actions shall be prosecuted in the name of the real party in interest, is to change the strict rule of the common law requiring an action at law to be brought in the name of the person holding the legal title, where the beneficial or equitable interest is vested in another. The object of these statutes (and court rules to like effect) is to enable those persons to maintain the action who are directly interested in the subject matter of the litigation and entitled to reap its fruits. In this connection, it has often been stated to be the general rule that the equitable owner of a claim may sue as the real party in interest. See 39 Am.Jur., Parties, Sections 16–17. In order to determine the real party in interest in this case, we look to the facts as they appear on the record.

Plaintiff Smith alone suffered and bore the loss, as the sales contract provided by these words: "Buyer shall bear any loss or damage to said property". It was Smith on whom fell the burden of repair and who expended substantial sums restoring the damaged vehicle to operable condition. Meanwhile, Smith continued to pay all installments as they came due, in full observance of the contract. Those installments were the sole entitlement of the assignee bank. The right to recover damages belonged only to Smith.

■ Under these facts, we conclude that Smith is the real party in interest and was such party when he filed his lawsuit in the magistrate court. We also hold that the bank has never been a necessary party. The present contention is manifestly inconsistent with these further facts shown in evidence: Smith paid the final installment in complete discharge of his debt eight months before the trial in circuit court. At the time of trial, Smith was both legal and equitable owner, solely and completely.

Pertinent to the instant point is the following statement from 61 C.J.S. Motor

Vehicles § 500, p. 144: "The purchaser of an automobile under a contract whereby the seller retains legal title until full payment of the purchase price, such as a conditional sales contract, having paid part of the sale price and being in possession of the property, may sue for injury thereto."; likewise, the following from 78 C.J.S. Sales § 632, p. 441: "A conditional buyer of property may maintain an action to recover damages for injuries to, or destruction or loss of, the property resulting from the acts or omissions of a third person. * * * The buyer has a right of action both because of his possession and because of his special ownership; and an additional basis assigned for allowing him to maintain the action is that he has the same rights against third persons as a bailee". Also in point is the case, Hadley v. Smith, Mo.App., 268 S.W.2d 444, 451, wherein the plaintiff, purchaser of an automobile, sued a third party for collision damages. Plaintiff did not have legal title to the automobile because the assignment of title had not been completed as required by statute. Nonetheless, the court held that he did have a special property interest in the automobile and the right to its possession, such as entitled him to sue the third party for its damage. The court said: "However, we hold that the plaintiff had a property interest in this car, even though he had no title. He had the right to possession. He had a right under the statute to return the car in as good a condition as when received, to the seller, and recover the purchase price or, we think, he had a right, in equity, to compel the seller to convey title. *The defendant is in no position to question the right of plaintiff to recover in this action for injuries caused by his wrong to such property rights as plaintiff did hold. A judgment in favor of plaintiff would bar* *any action by the title holder under the facts in this case*". (Our emphasis.) Also, see Reed v. Price, 30 Mo. 442; Watts v. Loomis, 81 Mo. 236; Robertson v. Welch, Mo.App., 246 S.W.2d 828; The MV Bull Calf et al., D.C.Mo., 66 F.Supp. 1019; Rosenfeld v. Continental Building Operating Co., D.C.Mo., 135 F.Supp. 465; National Surety Corporation v. Hochman, Mo. App., 313 S.W.2d 776; Buddington et al. v. Mastbrook, 17 Mo.App. 577.

Defendant finally assigns that the trial court erred in refusing him the privilege of cross-examining plaintiff Smith "as to his prior statements of estimate of damage". This point has not been preserved for review. Defendant's motion for new trial contains no complaint of any nature relative to the trial court's ruling on the admission or exclusion of evidence.

We independently find that plaintiff Smith is the real and sole party in interest, that his automobile was damaged by reason of defendant's negligence, that he has thereby sustained loss and damage in the amount of $555, and that he is entitled to have and recover that sum from defendant. We specifically find that Red River is not entitled to have and recover any sum from defendant. In accordance with these findings, and as authorized by Civil Rule 83.13, we modify the judgment so that it reads as follows: "Now, therefore, it is Ordered, Adjudged and Decreed by the Court that plaintiff Lyle D. Smith have and recover from defendant the sum of Five Hundred Fifty-five Dollars ($555.00), together with the costs of this action, and that execution issue therefor".

We affirm the judgment as so modified.

All concur.