STATE of Missouri at the relation of MAY DEPARTMENT STORES COMPANY, a Corporation, Relators,

v.

Hon. Noah WEINSTEIN, Successor to Hon. Drew W. Luten, Jr., Judge of the Circuit Court of the County of St. Louis, Missouri, etc., Respondents.

No. 32020.

St. Louis Court of Appeals.

Missouri.

Oct. 19, 1965.

Hocker, Goodwin & MacGreevy, Melvin L. Hertzman, Maurice Frank, St. Louis, for relators.

Joseph A. Fenlon, Clayton, for respondents.

BRADY, Commissioner.

This is an original proceeding in prohibition whereby the relator, hereinafter referred to as the plaintiff, seeks to make absolute our preliminary rule prohibiting the judges of the circuit court of St. Louis County from proceeding to assign a certain case for trial in that court.

■ When a petition for a writ of prohibition is filed, the opposing party may direct a motion to that petition or may make a return to the preliminary order. If a return is made, the plaintiff may reply thereto. Sec. 530.050, RSMo 1959, V.A. M.S. In the instant case the pleadings are made up of the petition for the writ, the return, and plaintiff's reply. Since the reply filed did not deny the material allegations of new matter contained in the return, they are to be taken as true for the purposes of this proceeding. State ex rel. McCubbin v. McMillian, Mo.App., 349 S.W.2d 453.

The pleadings show that the plaintiff brought an action in the magistrate court of St. Louis County against Robert M. Hoffmeier and his wife seeking recovery of an account allegedly due in the amount of $179.15. Within twenty days of the return date of the summons the defendants filed an answer and counterclaim. In the latter they prayed for actual damages in the amount of $10,000 and for punitive damages in the amount of $500,000. There was no written verification or affidavit attached to the answer or counterclaim. However, the defendants' attorney appeared before the magistrate and made oral oath that the matters contained in the counterclaim were true to the best of his knowledge, information and belief. It is conceded that the magistrate court had jurisdiction of the original action and that the amount of the counterclaim exceeds that court's jurisdiction. The magistrate certified the cause to the circuit court. Later the circuit court entered a default and inquiry against plaintiff on the defendants' counterclaim. The plaintiff entered its appearance in the circuit court proceeding for the purpose of setting aside the default and being successful, was granted ten days in which to file responsive pleading. Within that time it filed its motion to remand this cause to the magistrate court. The Hon. Drew Luten, circuit judge then presiding in the assignment division of the circuit court of St. Louis County, entered an order overruling the motion to remand and the May Company then petitioned for our writ seeking to prhoibit Judge Luten's successor or successors in the assignment division of that court from proceeding to assign this case for trial.

■ The function of the prerogative writ of prohibition is to restrict the person or body to which it is directed from acting or proceeding in some matter in which he or it has no jurisdiction. State ex rel. Miller v. Jones, Mo.App., 349 S.W.2d 534. Art. 5, § 14, Constitution of Missouri, V.A.M.S., provides for appellate jurisdiction in the circuit court "as provided by law." Sec. 478.070, RSMo 1959, V.A.M.S., expressly

provides for the circuit court to have "Appellate jurisdiction from the judgment and orders of * * * magistrates * * *." Accordingly, the jurisdiction of the circuit court in this matter is derivative. Smith v. Cowen, Mo.App., 350 S.W.2d 96, 1. c. 98. The ultimate issue is whether this cause was properly certified to the circuit court.

Regardless of the situation prior to 1955 (see State ex rel. St. Louis Boiler & Equipment Co. v. Gabbert, Mo.App., 241 S.W.2d 79), § 517.240, subd. 2, RSMo 1959, V.A.M.S., now provides that "If, not later than twenty days after the return date of the summons, any defendant pleads any counterclaim or setoff which exceeds the jurisdiction * * * of the magistrate court wherein the case is pending, *and if the defendant, or some credible person in his behalf, by his oath verifies the truth of the allegations of the counterclaim * * * * then the magistrate shall make an entry of such facts in his record of the case, and forthwith certify the cause and transmit all papers and process therein to the clerk of the circuit court of the county wherein the magistrate court is located. * * *"* (Emphasis supplied.) Simply put, the plaintiff contends that the oral oath taken by the defendants' counsel does not constitute compliance with the above emphasized portion of § 517.240, subd. 2, supra. We cannot agree.

The rules of statutory construction lead to the opposite result. In construing statutes we are to seek the intention of the legislators and are to ascertain that intention from the very words used in the statute if that is possible. In so doing we are to give the words used their plain and rational meaning. We are not to supply, insert, or read words into a statute unless there is an omission plainly indicated and unless the statute as written is incongruous, unintelligible, or leads to absurd results. Bussmann Mfg. Co. v. Industrial Commission, Division of Employment Sec., Mo.App., 335 S.W.2d 456; Bussmann Mfg.

Co. v. Industrial Commission of Mo., Mo. App., 327 S.W.2d 487.

Webster's Third New International Dictionary gives the definition of "verify" as "to confirm or substantiate in law by oath or proof." Black's Law Dictionary, Fourth Edition, defines the word as "To confirm or substantiate by oath * * *" and cites cases from jurisdictions other than our own in support of that definition. In 92 C.J.S. at page 996 a distinction between "verification" and "verify" appears. The former is stated to include " * * * both the actual swearing to the truth of the statements by the subscriber, and also the certification thereto by the notary or other officer authorized by law to administer oaths. * * *" On that same page the word "verify" is given definitions which substantially conform to those stated above from Black and Webster, but the twofold meaning given to "verification" and implying a writing is not included in the definitions of "verify."

Moreover, we note that the phrase "by his oath" immediately precedes the word "verifies" in § 517.240, subd. 2, supra. These words must be given some significance as we are not entitled to presume that the legislature inserts meaningless words into a statute. Bussmann Mfg. Co. v. Industrial Commission, Division of Employment Sec., supra. In this connection it should be noted that the very construction of the sentence in which this phrase appears would have allowed the legislature to have easily substituted the words "by affidavit" or "in writing" in lieu of the phrase "by his oath." The only reasonable conclusion to be drawn from the failure of the legislature to use different language is that they intended the phrase "by his oath" to refer to the word "verifies" and were stating how they intended the defendant or the person acting in the defendant's behalf to verify the truth of the allegations of the counterclaim; i. e., by an oath. The legislature intended the oath to be sufficient and did not intend to require

a writing of any kind. It follows that the intention of the legislature in enacting § 517.240, subd. 2, supra, appears plainly and unequivocally from the very language used in the statute. The very construction of the statute refutes the contention that the words "by affidavit" or "in writing" or some similar phrase was omitted. As written the statute is neither incongruous nor unintelligible.

■ The plaintiff then contends that unless we construe this section of the statute to require the defendant or the person acting for him to verify the counterclaim in writing there will be endless litigation and disputes over whether the oath was in fact made. There is no such dispute in the instant case. It was so alleged in the defendants' return and the plaintiff has in no way controverted that allegation. It is therefore to be taken as true for the purposes of this appeal. State ex rel. McCubbin v. McMillian, supra. To allow an oral oath to suffice under the provisions of § 517.240, subd. 2, supra, does not open the door to the chamber of horrors which the plaintiff envisions. In the event that a dispute does arise as to whether or not the oath was actually taken, it would seem that matter could easily be settled by reference to the minutes of the proceedings in the magistrate court which the careful practitioner will be sure to see contains an entry regarding his oath. If for some reason those minutes are unavailable, proof could be offered by affidavit and if counteraffidavits are filed, the issue could be determined by testimony or whatever other proof might exist. In any event, § 517.240, subd. 2, supra, does not lead to such absurd results that this court should attempt, by construction, to contravene its plain wording.

The provisionsal rule should be quashed and the writ denied. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. The preliminary writ is therefore ordered quashed and the petition for a writ of prohibition denied.

WOLFE, P. J., RUDDY, J., and J. MORGAN DONELSON, Special Judge, concur.

ANDERSON, J., not participating.