

# In the
# Missouri Court of Appeals
## Western District

BARTON J. COHEN, AS TRUSTEE )
OF THE BARTON J. COHEN TRUST )
DATED DECEMBER 12, 1990, AND )      WD78804
AS TRUSTEE OF THE CASS )
FAMILY 2004 IRREVOCABLE )           OPINION FILED:  May 31, 2016
TRUST DATED DECEMBER 23, 2004, )
GENERAL PARTNERS OF DESERT )
ASSOCIATES, A TEXAS GENERAL )
PARTNERSHIP, )
)
        Respondent, )
)
v. )
)
NORMAND PROPERTY )
ASSOCIATES, L.P., )
)
        Respondent, )
)
 AND )
)
RICHARD L. BROWN, )
)
        Appellant. )

**Appeal from the Circuit Court of Platte County, Missouri**
The Honorable James W. Van Amburg, Judge

Before Division One:  Lisa White Hardwick, Presiding Judge, Cynthia L. Martin, Judge
and Gary D. Witt, Judge

Richard L. Brown ("Brown") appeals following the trial court's entry of a judgment confirming a partition sale of property owned by Desert Associates ("Desert") and Normand Property Associates, L.P. ("Normand").  Brown argues that the trial court exceeded its jurisdiction in entering the judgment.  Brown also argues that in an earlier order authorizing partition of the property, the trial court erroneously found that he was not a real party in interest, and erroneously ordered partition of the property by sale versus in kind.  We affirm.

## Factual and Procedural Background[1]

Desert, a Texas general partnership, and Normand, a Missouri limited partnership, purchased an undeveloped parcel of land ("Property") in Platte County as tenants in common, with each owning an undivided one-half interest in the Property.  When the Property was purchased in 1986, it consisted of approximately 250 acres, but Desert and Normand sold a portion of the Property so that approximately 42.21 acres remained when Desert filed a petition for partition of land ("Petition") against Normand on June 4, 2013. The Petition alleged that Desert and Normand "have been unable to agree upon an in kind division" of the Property and that the Property "is not susceptible to division in kind without great prejudice to the value of the [Property] and the interests of [Desert] and [Normand]."  Thus, the Petition requested that the trial court order partition of the Property by sale and divide the proceeds proportionally between Desert and Normand.

---

[1]When reviewing the trial court's actions following the partition of property, we view the facts and all reasonable inferences that can be drawn therefrom in the light most favorable to the judgment, disregarding all contrary evidence and inferences.  *Cooper v. Murphy*, 276 S.W.3d 380, 383 (Mo. App. E.D. 2009).

2

Brown filed a motion to intervene ("Motion to Intervene") in the partition action. The Motion to Intervene asserted that Brown owns a 45 percent limited partner interest in Normand, and that the Eugene D. Brown Trust, of which Brown is a 50 percent beneficiary, holds a 10 percent limited partner interest in Normand. The Motion to Intervene claimed that because Brown effectively owns an approximate 50 percent limited partner interest in Normand, Brown "indirectly owns an undivided 25% interest in the [Property]." The Motion to Intervene alleged that the Property is susceptible to partition in kind and asserted that Brown's interest in the Property is not represented adequately by Normand. The trial court granted the unopposed Motion to Intervene, and ordered Brown to file an answer ("Answer") to the Petition. Brown's Answer admitted that Desert and Normand each own an equal, undivided one-half interest in the Property as tenants in common.

The trial court entered a stipulated order of partition sale ("Stipulated Order"), which was approved and signed by attorneys representing each of the parties to the litigation, including Brown. The Stipulated Order found that Desert and Normand are co-tenants in common and that each owned an undivided one-half interest in the Property. The Stipulated Order directed the Property to be sold for cash to the highest bidder at a public sale by auction, with a private real estate group responsible for organizing the auction and the Sheriff of Platte County ("Sheriff") responsible for making, executing, and delivering a sheriff's deed to the purchaser.

Desert later filed a motion to clarify ("Motion to Clarify") the Stipulated Order because the Sheriff had advised that to issue a sheriff's deed, the Stipulated Order needed

3

to state that the auction would be conducted by the Sheriff with the assistance of an auctioneer. Brown argued that the requested clarification amounted to a material change in the parties' stipulated agreement to partition the Property by sale as opposed to in kind.[2] As a result, the trial court set the matter for a bench trial "to determine whether the Property could be partitioned in-kind without great prejudice to the interests of one or both of the co-tenants, Desert and Normand."

A bench trial was conducted on December 22, 2014. Desert and Normand stipulated that the Property could not be divided in kind without Desert and Normand suffering great prejudice. Brown's attorney argued that because Brown is a limited partner in Normand, he indirectly has an interest in the Property. Brown offered evidence suggesting that Desert and Normand operated as a joint venture to develop the Property. Brown called several witnesses who testified about the feasibility of partitioning the Property in kind.

On January 16, 2015, the trial court entered an order of partition sale ("Order of Partition Sale"). The Order of Partition Sale found that Desert and Normand own the Property as tenants in common, with each entity owning an undivided one-half interest. With respect to Brown's interest in the Property, the trial court found:

> Brown's sole relationship to the Property is that he is a limited partner in Normand. As a limited partner, Brown has no interest in the Property; rather his limited partnership interest in Normand is personal property. The

---

[2]Contemporaneous with Brown's objection to the Motion to Clarify, a new attorney entered an appearance for Brown. It is not clear how clarification about *who* would conduct the partition sale constitutes a material change to the parties' agreement to partition the Property by sale, as opposed to in kind. Brown argued the Stipulated Order's reference to a "private" real estate group meant that the public auction would require a reserve to insure a certain floor below which the Property would not be sold. However, the Stipulated Order contained no language suggesting that a reserve would be set below which the Property could not be sold.

4

Court finds that Brown is not a real party in interest in this partition action. The Court notes that at the hearing, Brown did not claim or present any evidence to demonstrate that he has any interest in the Property, nor did he request that the Court find that he has any interest in the Property.

The trial court went on to conclude:

[I]t is not feasible or practicable to equally divide the Property between Desert and Normand, according to their respective interests, giving each its share, quantity, and quality, relatively considered, without materially lessening the money value of the parties' respective interests, and that dividing the Property in-kind would result in great prejudice to one or both of Desert Associates and Normand.

Thus, the trial court ordered the Property to be partitioned by sale, severing Desert and Normand's joint ownership of the Property as tenants in common.

Brown filed a renewed motion to amend the pleadings to conform to the evidence presented at trial.[3] Brown argued that the evidence at trial established the existence of a joint venture between Desert and Normand, and that any member of a joint venture can seek partition. There is no indication in the record that the trial court ever ruled on Brown's motion. Brown also filed a notice of appeal seeking review of the trial court's determination that Brown was not a real party in interest to the partition action. We issued an order dismissing the appeal for want of a final appealable judgment on April 9, 2015.

A sheriff's sale was held on May 27, 2015, following notice and publication as required by the Order of Partition Sale. The Property sold as one parcel to the highest bidder for a total purchase price of $3,465,000. Following the sale, Desert filed a motion

---

[3]Brown made a non-specific oral motion to amend the pleadings to conform to the evidence at the end of trial. Brown's renewed motion to amend the pleadings to conform to the evidence acknowledged that the trial court never ruled on the oral motion at trial.

5

to approve and confirm the partition sale. The trial court held a hearing to determine how to divide the proceeds of the sale.

Following the hearing, the trial court entered an order and judgment approving the sheriff's report of the sale and confirming the partition sale ("Judgment"). In its Judgment, the trial court recited that although Brown appeared at the hearing through counsel, Brown had previously been dismissed from the action. The Judgment divided the proceeds of the partition sale between Desert and Normand and awarded attorney's fees to Desert and Normand.

Brown appeals.

## Analysis

Brown presents three points on appeal. His first point asserts that the trial court did not have jurisdiction to enter the Judgment because we had not yet issued a mandate following our order dismissing Brown's first appeal. Brown's second point argues that the trial court erroneously concluded in the Order of Partition Sale that Brown was not a real party in interest to the partition action because Brown held equitable title to the Property as a member of an ongoing joint venture to develop the Property. In his third point, Brown contends that the trial court erroneously concluded in the Order of Partition Sale that the Property should be partitioned by sale and not in kind. Because Brown's second point on appeal is dispositive, we address it first.

"Real parties in interest are persons who are directly interested in a lawsuit's subject matter and are entitled to maintain the action." *Welch v. Davis*, 114 S.W.3d 285, 292 (Mo. App. W.D. 2003) (citing *Janssen v. Guaranty Land Title Co.*, 571 S.W.2d 702,

6

706 (Mo. App. 1978)).[4] The determination of whether a person is a real party in interest is a legal conclusion we review *de novo*. *Cf. Herky LLC v. Holman*, 277 S.W.3d 702, 704 (Mo. App. E.D. 2008) (reviewing a decision by State Tax Commission that developers were not real parties in interest *de novo* because that decision was a conclusion of law).

"A proceeding for partition is strictly statutory." *Phelps v. Domville*, 303 S.W.2d 601, 605 (Mo. banc 1957). Section 528.030[5] describes who may bring a partition suit:

> In all cases where lands, tenements or hereditaments are held in joint tenancy, tenancy in common, or coparcenary, including estates in fee, for life, or for years, tenancy by the curtesy and in dower, it shall be lawful for any one or more of the parties interested therein, whether adults or minors, to file a petition in the circuit court of the proper county, asking for the admeasurement and setting off of any dower interest therein, if any, and for the partition of the remainder, if the same can be done without great prejudice to the parties in interest; and if not, then for a sale of the premises, and a division of the proceeds thereof among all of the parties, according to their respective rights and interests.

Section 528.020.1 describes the required parties to a partition action.

> All persons in being who are vested, and all persons in being who might or would have become vested, with an estate in said lands in case the event, condition, contingency or lapse of time upon which the same may be limited to vest in such person had happened or occurred at or immediately prior to the commencement of such suit, shall be made parties plaintiff or defendant therein . . . .

---

[4]"Closely related [to the concept of real parties in interest] is the doctrine of standing [which] requires that a party seeking relief have a legally cognizable interest in the subject matter of his suit and a threatened or actual injury." *Welch*, 114 S.W.3d at 292 (citation omitted). Though the concepts of real party in interest and standing are closely related, they are not strictly synonymous. *See City of Wellston v. SBC Commc'ns, Inc.*, 203 S.W.3d 189, 193 (Mo. banc 2006) ("'Capacity to sue refers to the status of a person or group as an entity that can sue or be sued, and is not dependent on the character of the specific claim alleged in the lawsuit. Standing to sue evaluates the sufficiency of a plaintiff's interest in the subject of the lawsuit. It is a concept used to ascertain if a party is sufficiently affected by the conduct complained of in the suit, so as to insure that a justiciable controversy is before the court. Objections to standing, unlike objections based on the real party in interest rule, cannot be waived.'") (quoting 15 Mo. Prac. *Civil Rules Practice* sec. 52.01-2 (Mary Coffey ed., 2d ed. 1997)).

[5]All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

*See also* section 528.060 ("Every person having an interest in such premises, whether in possession or otherwise, shall be made a party to such petition.").

Thus, a real party in interest in a partition action is a person having an interest in the property. Plainly, "the term 'person having an interest,' as used in the partition statute, means joint tenants, tenants in common or coparcenary." *Winn v. Maddox*, 263 S.W.2d 470, 472 (Mo. App. 1953) (citing *Renard v. Butler*, 30 S.W.2d 608, 609 (Mo. 1930)); *see* section 528.030. A "person having an interest" also includes any person who is vested, and any person in being who might or will become vested, with an estate in the property to be partitioned. *Trenholm v. Trenholm*, 701 S.W.2d 209, 211 (Mo. App. E.D. 1985) (citing section 528.020). "An estate is 'the interest which anyone has in lands or in any other subject of property,' and 'according to common law, estates are classified, with regard to duration or quantity of interest.'" *Id.* (quoting *Donelson's Estate v. Gorman*, 192 S.W.2d 29, 31 (Mo. App. 1946); *Thacker v. Flottman*, 244 S.W.2d 1020, 1022 (Mo. 1952)). To be vested in an estate in land, a person must have "a present fixed right, either of present enjoyment or future enjoyment." *Id.* (citing *Hereford v. Unknown Heirs, Grantees or Successors or Tholozan*, 292 S.W.2d 289, 294 (Mo. banc 1956)).

In order to establish that he was a real party in interest to the partition action, Brown thus must demonstrate that he held a present fixed right either of present enjoyment or of future enjoyment in the Property. In the Motion to Intervene, in Brown's Answer, and at trial, Brown argued that he held such an interest in the Property because he is a limited partner in Normand. The Order of Partition Sale concluded that Brown's limited partnership interest in Normand is personal property that does not constitute an

8

interest in the Property itself. Brown has not challenged this legal conclusion on appeal. In fact, Brown has completely abandoned the theory that his limited partnership interest in Normand affords him an interest in the Property sufficient to render him a real party in interest in the partition action.[6]

At trial, Brown offered evidence to suggest that Desert and Normand operated as a joint venture with respect to development of the Property. However, Brown did not argue that he was a member of the joint venture. Nor did Brown argue that the alleged joint venture between Desert and Normand afforded him an interest in the Property sufficient to render him a real party in interest in the partition action. The Order of Partition Sale thus found that "Brown did not claim or present any evidence to demonstrate that he has any interest in the Property, nor did he request that the Court find that he has any interest in the Property."

On appeal, Brown now claims that he holds equitable title to the Property because he was a member in an ongoing joint venture to develop the Property. Brown presented no evidence at trial suggesting that he was a member of an ongoing joint venture to develop the Property. And until this appeal, Brown has never claimed to hold "equitable title" to the Property. "Absent some constitutional imperative not present here . . . , it

---

[6]A limited partnership is a separate legal entity from its partners. *Naylor Senior Citizens Housing, LP v. Sides Constr. Co.*, 423 S.W.3d 238, 243 n.3 (Mo. banc 2014). Normand, as an entity distinct from its limited partners, owned the Property as tenants in common with Desert. The limited partners of Normand, including Brown, simply have a personal property interest in Normand. *See* section 359.401 ("A partnership interest is personal property."). Thus, Brown has no real property interest -- whether present or future, or whether vested or contingent -- in the Property so that he has no cognizable interest in the Property to render him a real party in interest in the partition action. *See Trenholm*, 701 S.W.2d at 211-12 (concluding that persons who, pursuant to a separation agreement, had an interest in the net profits from the sale of property did not have an interest in the property itself so that they had no right to participate in a partition action involving the property). The trial court did not err in concluding as much in its Order of Partition Sale.

simply is not the role of the court of appeals . . . to grant relief on arguments that were not presented to or decided by the trial court." *Barkley v. McKeever Enters., Inc.*, 456 S.W.3d 829, 839 (Mo. banc 2015). Thus, Brown's second point on appeal is not preserved for review. *See Mayes v. Saint Luke's Hosp.*, 430 S.W.3d 260, 268 (Mo. banc 2014).

Even if Brown's newly asserted claim of equitable title in the Property was preserved for our review, Brown would not prevail. Desert's general partner, Barton Cohen, did testify at trial that the Property was purchased in 1986 as a "joint venture" with Mr. Cohen's partner, Eugene Brown. Mr. Cohen also testified, however, that he had no clue about the legalities of ownership of the Property. During cross examination, Mr. Cohen identified a law firm engagement letter reflecting an agreement to represent "[Desert] and [Normand] (the 'Joint Venture')" in connection with "resolv[ing] the issues raised in Doug Stone's memorandum dated July 17, 2009 . . . ."[7] This evidence does not establish that Desert and Normand ever formed a legal "joint venture," and in any event, has no bearing on how title to the Property was held. More to the point, this evidence in no manner suggests that Brown was a member of a joint venture with Desert and Normand.

---

[7]Brown's trial testimony suggested this legal matter involved whether to grant an easement to the City of Kansas City over some portion of the Property. Desert and Normand appear, based on Brown's testimony, to have kept Normand's limited partners informed about such matters. That fact does not support a conclusion that Brown acquired equitable title in the Property. "Equitable title is the right in the party to whom such title belongs to have the legal title transferred to him upon the performance of a specified condition." *Carolan v. Nelson*, 226 S.W.3d 923, 926 (Mo. App. W.D. 2007). Brown's Brief does not identify a specified condition the performance of which would result in legal title of the Property being transferred to him. "If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned." *Chastain v. James*, 463 S.W.3d 811, 821 (Mo. App. W.D. 2015).

10

Moreover, as counsel for Desert observed at trial, the Petition alleged that the Property was owned by Desert and Normand as tenants in common, with each owing an undivided one-half interest. Brown admitted this allegation in his Answer. Counsel for Desert characterized Brown's Answer as a "judicial admission." We agree. "A defendant is ordinarily bound by his answer and the position taken therein." *Peterson v. Medlock*, 884 S.W.2d 679, 684 (Mo. App. S.D. 1994). "[A]n allegation of fact in an answer upon which the case is being tried is binding on the pleader and for the purpose of the trial such party is precluded from maintaining a contrary or inconsistent position." *Wehrli v. Wabash R.R. Co.*, 315 S.W.2d 765, 773 (Mo. 1958). "'The pleadings in a cause are, for the purposes of use in that suit, not mere ordinary admissions but judicial admissions; *i.e.* they are not a means of evidence, but a waiver of all controversy . . . and therefore a limitation of the issues.'" *Id.* (quoting 4 Wigmore on Evidence sec. 1064 at 45-46 (3d ed.)). Here, Brown judicially admitted that Desert and Normand owned the Property as tenants in common, each with an undivided half interest. Brown is bound by this admission.

The trial court's Order of Partition Sale properly concluded that Brown has no interest in the Property sufficient to render him a real party in interest in the partition action. Point two on appeal is denied.

Our resolution of point two negates any need to address Brown's claims of error raised in points one and three on appeal. Those points are denied as moot.

11

## Conclusion

The trial court's Order of Partition Sale and the trial court's Judgment are affirmed.[8]

_Cynthia L. Martin_
Cynthia L. Martin, Judge

All concur

---

[8]Desert filed a motion to dismiss this appeal because Brown is not a real party in interest, and then a related motion asking this court to impose sanctions against Brown and his counsel pursuant to Rule 55.03(d) ("Motion for Sanctions") because Brown's filing of the notice of appeal from the Order of Partition Sale and the Judgment was frivolous and without merit. The motion to dismiss is denied as moot given our Opinion. With respect to the motion for sanctions, we agree that Brown's appeal is frivolous. Brown's appeal wholly abandoned the legal theory relied on in the Motion to Intervene, the Answer, and at trial--a theory that was itself plainly negated by settled statutory and decisional law regarding the nature of a limited partnership interest. On appeal, Brown raised a new theory that was not raised at trial, and as to which Brown offered no legal support or authority. Though Brown's appeal is frivolous, Rule 84.19 affords us the discretion to award sanctions. We elect not to award sanctions at this time, though Brown is on notice that further frivolous filings in this court in this matter may not yield the same response. The motion for sanctions is denied without prejudice.

12