

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| DAVID KELL, | ) | No. ED113338 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| vs. | ) | Cause No. 22SF-CC00083-01 |
| | ) | |
| WALKER RECYCLING COMPANY, LLC, | ) | Honorable Brice R. Sechrest |
| | ) | |
| Appellant. | ) | FILED: September 30, 2025 |

## Introduction

Walker Recycling Company, LLC (Walker Recycling), appeals the circuit court's judgment in which the court corrected nunc pro tunc a clerical error in the Stipulation for Compromise Settlement (Settlement) and entered judgment in favor of David Kell (Kell) for $50,079.53 plus costs. In Point I, Walker Recycling argues the circuit court's judgment is not supported by substantial evidence because no evidence was presented as to why it authorized its attorney to enter into the Settlement. In Point II, Walker Recycling claims the circuit court erred in finding Kell was its employee. Walker Recycling alleges in Point III the court erred in rendering judgment because the Settlement did not name it as the employer. We affirm.

## Factual and Procedural Background

This case arose from a Division of Workers' Compensation (Division) claim alleging Kell suffered an injury related to his employment with Walker Recycling. Walker Recycling was

represented by attorney Clinton Roberts until he moved to withdraw from representation on January 28, 2022. In support of his motion to withdraw, Mr. Roberts stated another attorney had "entered his appearance for Employer." The administrative law judge (ALJ) granted Mr. Roberts leave to withdraw.

On February 22, 2022, the other attorney entered his appearance on behalf of the employer, but misnamed the employer as "Walker Recycling, LLC." The same day, the ALJ approved the Settlement in which Walker Recycling agreed to pay Kell a lump sum payment of $50,079.53. Again, the employer was misnamed as "Walker Recycling, LLC." The Settlement was signed by Kell and his attorney, Walker Recycling's attorney, and then by the ALJ.

In November of 2023, Kell filed his amended petition in the circuit court, requesting in Count I the court correct nunc pro tunc the clerical mistake in the Settlement. In Count II, he requested the court render judgment[1] in accordance with the Settlement pursuant to section 287.500.[2] Walker Recycling, once again represented by Mr. Roberts, answered Kell's amended petition, stating, in response to Count I, it had received the Settlement prior to approval, was aware the Settlement named "Walker Recycling, LLC", and approved its attorney entering into the Settlement based on that information. Walker Recycling further argued the circuit court lacked jurisdiction to enter a nunc pro tunc correction of an administrative agency order. In response to Count II, Walker Recycling claimed the circuit court lacked jurisdiction and authority because the Settlement named an entity other than Walker Recycling.

---

[1] Because the Division has no power to pronounce judgments or enforce workers' compensation awards, the Settlement does not become a judgment until pronounced by the circuit court. *Baxi v. United Techs. Auto. Corp.*, 122 S.W.3d 92, 96 (Mo. App. E.D. 2003).

[2] All section references are to RSMo (2016); Rule references are to the Missouri Supreme Court Rules (2025).

A bench trial was held on Kell's petition on April 23, 2024. Kell moved to admit Exhibit 1, a certified copy of the record of the underlying workers' compensation case, which was received into evidence without objection. Kell offered no further evidence.

Walker Recycling moved for a directed verdict at the close of Kell's evidence and claimed the court did not have jurisdiction to enter a nunc pro tunc order on an administrative judgment. Walker Recycling further argued Kell failed to establish its state of mind when the Settlement was signed, positing to the court:

> And I propose to the Court, it's just as likely – having demonstrated to the Court that he had multiple defenses to the workman's compensation claim, it is just as likely, in fact, more likely, that he signed this document – the consent – because he knew it wasn't against one of his companies. And as a lawyer, we would, perhaps, oppose that. But as a layperson, why, of course, why wouldn't I enter a consent and get rid of the dadgum case because I know it ain't me.

In response, Kell argued he did not need to establish Walker Recycling's state of mind regarding the Settlement. Kell cited Missouri case law holding that circuit courts have the power to issue a nunc pro tunc order to correct a mistaken employer designation contained in Division of Workers' Compensation stipulations. Walker Recycling asked for a brief recess to consider whether it wanted to put on evidence as to its state of mind when it approved the settlement, but ultimately declined to do so.

On October 30, 2024, the circuit court entered judgment in favor of Kell and granted Count I, modifying the employer's name in the Settlement to "Walker Recycling Co., LLC," and entered judgment against Walker Recycling in the sum of $50,079.53 plus costs, in accordance with the Settlement. Walker Recycling filed a motion to set aside the judgment, to correct the judgment, or for a new trial, which the court denied. This appeal follows.

3

<u>Standard of Review</u>

We will affirm the circuit court's judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "Substantial evidence is evidence that, if believed, has some probative force on each fact that is necessary to sustain the circuit court's judgment." *Ivie v. Smith*, 439 S.W.3d 189, 199 (Mo. banc 2014).

<u>Discussion</u>

Before discussing the merits of Walker Recycling's appeal, it is pertinent to note Walker Recycling argues it should not be bound by the Settlement to which it agreed because of a clerical error. Its arguments are meritless at best. At worst, they allude to fraud and ethical violations and are easily refuted by the record.

*Point I – Employer's State of Mind[3]*

Walker Recycling argues in Point I the circuit court's judgment is not supported by substantial evidence because there was no evidence as to why it authorized its attorney to enter into the Settlement. We disagree because Walker Recycling's state of mind is irrelevant, as the record is clear that it authorized its attorney to enter into the Settlement.

The primary case relied upon by both Kell and the circuit court is *Blankenship v. Grandy's, Inc.*, 839 S.W.2d 680 (Mo. App. S.D. 1992). In *Blankenship*, an employee petitioned the circuit court to modify the transcript of a workers' compensation settlement to correctly designate the

---

[3] Respondent argues Points I and II violate Rule 84.04 and requests we dismiss the appeal. While deficient points relied on preserve nothing for review and justify dismissal, we prefer to reach the merits of an argument where possible. *See City of Bellefontaine Neighbors v. Carroll*, 597 S.W.3d 335, 340-41 (Mo. App. E.D. 2020). Because the deficiencies do not impede our review or force us to act as advocate, we elect to address Walker Recycling's claims on their merits. *See id.* at 341.

4

employer. *Id.* at 681. The trial court dismissed the employee's petition for failure to state a claim, and the employee appealed. *Id.* This court reversed, holding that although it was unclear whether the Division of Workers' Compensation has authority to enter an order nunc pro tunc, "it does not bar an action in the circuit court to correct a record of the Division." *Id.* at 684-85.

The purpose of correction "is to make the record conform to what was actually done where there is a basis in the record for the amendment." *Id.* at 682. The court explained clerical mistakes "may be corrected nunc pro tunc to speak the truth of what actually happened." *Id.* at 683 (internal quotation omitted). Clerical mistakes can be made "by the clerk, the judge, the jury, a party or an attorney." *Id.* (internal quotation omitted). Whether a mistake is clerical depends on the nature of the error. *Id.* A nunc pro tunc order may not be used to correct an error of judicial consideration or discretion, or "to correct judicial inadvertence, omission, oversight or error, or to show what the court might or should have done as distinguished from what it actually did, or to conform to what the court intended to do but did not." *Id.* (internal quotation omitted).

"A mistake affording such relief may be established by a presumption." *Id.* at 683. Courts "may search the record for evidence of what happened and may consider the court files, motions filed in the cause and clerical entries, both those made before and after the act in question[.]" *Id.* at 682-83 (internal quotation omitted).

Here, the circuit court's judgment was supported by substantial evidence. Walker Recycling appears to argue that it noticed the clerical error and authorized its attorney to enter into the Settlement because it was against a different entity. Even if "Walker Recycling, LLC" was a real entity, the Division would not have had the authority to bind it to the terms of the settlement because it was not a party to the workers' compensation case. Walker Recycling was the only employer involved. Aside from the clerical error in Walker Recycling's name, the Settlement

contained the same injury, the same injury date, and the same claim number to which Walker Recycling had been a party all along. Excepting the clerical error on the entry of appearance and the Settlement, "Walker Recycling Co., LLC" or "Walker Recycling Company, LLC" was listed on every other record.

Furthermore, Walker Recycling's argument suggests a deeply concerning scenario that, if true, would likely constitute fraud. An attorney assisting with such conduct would violate his ethical obligations, particularly the duty of candor. *See* Rule 4-3.3: Candor Toward the Tribunal; Rule 4-8.4: Misconduct. Activity of this character is not the avenue of least resistance to dispose of a case, as posited by counsel at trial, but rather would expose a party to further liability and its attorneys to potential disciplinary consequences.[4] *See, e.g.*, *In re Carey*, 89 S.W.3d 477, 497-504 (Mo. banc 2002). Point denied.

### Point II – Evidence of Employment

In Point II, Walker Recycling claims there was insufficient evidence that Kell was its employee. We disagree because the record is abundantly clear Walker Recycling was the employer in this case.

"A defendant is ordinarily bound by his answer and the position taken therein." *Cohen v. Normand Prop. Assocs., L.P.*, 498 S.W.3d 473, 481 (Mo. App. W.D. 2016) (internal quotation omitted). "An allegation of fact in an answer upon which the case is being tried is binding on the pleader[.]" *Id.* (internal quotation omitted).

Kell alleged in his petition that Walker Recycling was his employer. In an unusual answer, Walker Recycling admitted Kell worked for it, but denied that Walker Recycling hired him.

---

[4] To be clear, we are not opining on whether Mr. Roberts or the other attorney representing Walker Recycling violated their ethical duties. Rather, we reject the argument that advancing a subterfuge—whether intentional or inadvertent—to escape liability is acceptable advocacy.

6

Although there is ample evidence in the record relied upon by the circuit court, Walker Recycling's judicial admission alone is substantial evidence that it was Kell's employer. *See id.* Point denied.

*Point III – Rendering Judgment*

In Walker Recycling's final point, it alleges the circuit court erred in rendering judgment because the court lacked authority to change any term of the Settlement, which did not name Walker Recycling Co., LLC. We disagree.

As stated above, the circuit court was authorized to correct nunc pro tunc Walker Recycling's name in the Settlement. Section 287.500 provides, "[a]ny party in interest may file in the circuit court of the county in which the accident occurred, a certified copy of a memorandum of agreement approved by the division . . . whereupon said court shall render judgment in accordance therewith and notify the parties."

Kell filed with the circuit court the Settlement to which he and Walker Recycling agreed and requested the court render judgment in accordance with the agreement. The circuit court properly rendered the corrected judgment pursuant to section 287.500. Point denied.

Conclusion

For the reasons set forth above, we affirm the trial court's judgment.

_____
Virginia W. Lay, J.


Michael S. Wright, P.J., concurs.
Philip M. Hess, J., concurs.

7